■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY GRAMOVOT, Appellant.—Two judgments of the Supreme Court, Queens County, both rendered November 1, 1978, affirmed. No opinion. The case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Suozzi, Margett and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY C. LONG, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 15, 1977, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed (see *People v Moore,* 47 NY2d 911, revg 62 AD2d 155, on the dissenting opn of Mr. Justice Silverman). Suozzi, J. P., Rabin, Gulotta, Shapiro and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MONGER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 25, 1976, convicting him of criminal possession of a weapon as a felony, upon a jury verdict, and imposing sentence. The appeal brings up for review an order which, after a hearing, denied defendant's motion to suppress certain evidence. Judgment and order reversed, on the law, and a new *Huntley* hearing and a new trial are ordered. Defendant engaged in a struggle with the deceased, who, according to defense testimony which the jury could and did consider, drew a gun on him, which defendant knocked from his hand, picked up, and fired the shots that killed his assailant. Thus there were sufficient facts for the jury to conclude that his possession of the gun was temporary and resulted from the struggle itself. Under these circumstances the trial court's failure to charge, as defense counsel requested, that temporary possession of a weapon, properly explained, does not constitute a crime, requires reversal of the judgment, with which the People, with commendable candor, agree. As to the *Huntley* hearing, which was held prior to the trial, given the court's concession "for the sake of argument" that an attorney had telephoned the police, its determination that defendant's constitutional rights had been validly waived and that his formal statement was admissible is contrary to the established decisional law as recently declared by the Court of Appeals in *People v Pinzon* (44 NY2d 458), that the right to counsel attaches once the police know that an attorney has communicated with them for the purpose of representing their prisoner. Therefore, a new *Huntley* hearing must be held at which time it should be determined whether, in fact, an attorney had telephoned the police on the defendant's behalf. Damiani, J. P., Suozzi, Margett and Mangano, JJ., concur.