OPINION OF THE COURT
Gerard E. Delaney, J.
This is, inter alia, a motion by defendant to inspect the Grand Jury minutes for legal sufficiency of the evidence therein (CPL 210.20) under the provisions of CPL 210.30. The issues raised concerned the legal concept of “possession” and geographical jurisdiction of the County Court.
Inspection of the instant Grand Jury presentment reveals the following testimony was in evidence:
On March 16, 1982, at least two police officers of the Yonkers, New York (Westchester County) Police Department went to defendant’s residence in Brooklyn (Kings County), New York, to question him as a suspect in a series of recent burglaries in Yonkers. Defendant met the officers at the door of his home, and the police realized he also fit the description of the burglary suspect. The police advised him that he was a suspect and his automobile was also suspected of being used in the Yonkers burglaries. Defendant allegedly consented to return to Yonkers with his car *416 and the police, though he informed the police that the car was actually registered to his wife, although he drove it.
Defendant gave the keys to the car to one of the police officers, at which point he was then handcuffed and placed in the rear seat of his own car which one of the police officers then drove back to police headquarters in Yonkers. Just prior to their arriving at police headquarters in Yonkers, defendant allegedly told the officer driving defendant’s car that he knew the police would search his car and that there was a .25 caliber loaded pistol in the glove compartment which an unknown “friend” had put there. The police officer parked the vehicle at Yonkers police headquarters, opened the glove compartment and retrieved the weapon. It is noted that defendant was not indicated on nor was evidence presented on the alleged prior burglaries but only on the weapons possession charges.
“A grand jury may hear and examine evidence concerning the alleged commission of any offense prosecutable in the courts of the county”. (CPL 190.55, subd 1; emphasis added.) An indictment is authorized, inter alia, “when * * * the evidence before it is legally sufficient to establish that such person committed such offense” (CPL 190.65, subd 1, par [a]). “As a general rule, a Grand Jury has the power to indict only for offenses occurring, at least in part, within the county in which the Grand Jury sits.” (People v Shukla, 82 Misc 2d 912, 913; cf. People v Kohut, 17 NY2d 705.) CPL 200.50 (subd 5) further requires that the indictment state, inter alia, that the “offense charged therein was committed in a designated county”. “This provision is intended to permit the court to determine jurisdiction of an offense upon the face of the indictment”. (Pitler, New York Criminal Practice Under the CPL, § 6.20, p 299.)
CPL 20.40 defines the geographical jurisdiction of counties in New York State. In general, there must be proof of conduct occurring within the county to establish either an element of the offense or an attempt or conspiracy to commit the offense. (CPL 20.40, subd 1, pars [a], [b].)
There are certain exceptions expanding the county’s jurisdiction which would initially appear not to be applicable to this case (see, especially, People v Cullen, 50 NY2d *417 168, 174-175; CPL 20.40, subd 2) and at least one other exception which is at least arguable (i.e., CPL 20.40, subd 4, par [g]) wherein the jurisdiction of the offense is expanded: “An offense committed in a private vehicle during a trip thereof extending through more than one county may be prosecuted in any county through which such vehicle passed in the course of such trip.” (CPL 20.40, subd 4, par [g].) However, such provision is “intended to apply only in those instances where the county in which the crime occurred is unknown”. (People v Cullen, 50 NY2d 168, 174; accord People v Moore, 46 NY2d 1.)
It is noted that in instances wherein there is a doubt as to the location of the crime, “before the People are entitled to the benefit of such a charge, the prosecutor must, in good faith, elicit all facts tending to show the exact location where the crime was committed. If, after such an effort, it cannot be determined whether [a] crime of possession occurred in [one county or another], then a properly instructed jury may find that either county has jurisdiction of the offense”. (People v Cullen, supra, at p 174.)
The instant indictment charges two counts of criminal possession of a weapon in the third degree (Penal Law, § 265.02, subds [a], [4]) in the County of Westchester, New York State, on March 16,1982. This is not the type of case wherein the defense issue of “innocent intent possession” arises (cf. People v Williams, 50 NY2d 1043, and cases cited therein; People v Trucchio, 47 AD2d 934; People v Monger, 71 AD2d 641; People v Valentine, 54 AD2d 568) by the nature of the possession of, but concerns itself with whether defendant actually possessed the weapon in Westchester County, so as to have provided legally sufficient evidence to have indicted him for such crime(s) in Westchester County. (Cf. CPL 210.20, subd 1, par [b]; 210.30.)
While the Grand Jury is not charged with the responsibility of the ultimate determination of the guilt or innocence of the defendant (People v Calbud, Inc., 49 NY2d 389, 394) the actual indictment must be based upon legally sufficient evidence. (CPL 190.65, subd 1, par [a].) “In the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt”. (People v Mayo, 36 NY2d 1002, 1004.) On a motion to *418 dismiss under CPL 210.20 (subd 1, par [b]) “the standard of judicial scrutiny is whether there was ‘competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’ (CPL 70.10, subd 1)” (People v Warner-Lambert Co., 51 NY2d 295, 298). “[T]he evidence must be viewed in the light most favorable to the People” (supra, at p 299) and the motion to dismiss will not be granted in the absence of a “clear showing” that the evidence adduced, if unexplained and uncontradicted, would not warrant a conviction by a trial jury. (Cf. People v Dunleavy, 41 AD2d 717, affd 33 NY2d 573.)
Subdivision 8 of section 10.00 of the Penal Law states that to “possess” means “to have physical possession or otherwise to exercise dominion or control over tangible property”. The People have a “heavy burden of establishing the ownership of a weapon found in an area occupied by several people and where no one individual could be said to have dominion and control of the weapon”. (People v Roberson, 41 NY2d 106, 109; emphasis supplied.) “To carry the heavy burden of constructive possession it must be established that the defendant admitted owning the gun and that he had ready access to it.” (People v Lucas, 84 AD2d 582; cf. People v Vastola, 70 AD2d 918 [wherein defendant’s knowledge of gun’s whereabouts and willingness to direct the police to the location of the gun was not sufficient to show dominion and control (i.e., constructive possession), but only access]; see, also, People v Sanabria, 73 AD2d 696; People v Torres, 45 AD2d 1042; People v Persce, 204 NY 397, 402 [constructive possession defined as that “which places the (forbidden article) within the immediate control and reach of the accused and where it is available for unlawful use if he so desires”].)
While there is no doubt but that the above fact pattern would support an indictment for criminally possessing the weapon in Kings County, in the opinion of this court, Westchester County does not have territorial jurisdiction to indict defendant for the crime of possession of the weapon (cf. People v Fea, 47 NY2d 70) inasmuch as there was not legally sufficient evidence before the Westchester Grand Jury to show that defendant had either actual or *419 constructive possession of the weapon or that the possession in this county was voluntary. (See infra.) In the vehicle defendant was handcuffed and placed in the rear seat of the car by the police and then driven out of Kings County and into Westchester County where the charge was actually lodged. To hold otherwise would be to theoretically subject defendant to a “possession” charge in every county through which the police drove defendant with his car. Had the police been from Buffalo or Pennsylvania and the same facts alleged, it strains credibility to argue that the police by their actions could give rise to legal geographical jurisdiction of a weapons possession charge in Erie County or a sister State. While this rather unique factual pattern doesn’t reach the level of the “innocent intent” possession cases cited above, the undisputed facts show that the possession of the weapon by defendant in Westchester County was not voluntarily as a matter of law. Section 15.10 of the Penal Law has as its “minimal requirement for criminal liability * * * the performance by a person of conduct which includes a voluntary act” (see, also, Penal Law, § 15.00, subd 2). “No finding made at * * * trial can itself be the source of jurisdiction of the court or result in extension of jurisdiction beyond the limits of the territory [of the county]” (People v Hillman, 246 NY 467, 472; cf. People v Moore, 46 NY2d 1, supra.).
It is noted that there is absolutely no indication before the court that this was the type of “reprehensible police action” as was condemned in People v Isaacson (44 NY2d 511) wherein a defendant was actually lured into this State’s jurisdiction to commit a crime. However, the police actions, however innocent, cannot confer jurisdiction by their own actions where there is none originally.
Accordingly, this court grants defendant’s motion to dismiss this indictment under CPL 210.20 (subd 1, par [b]) and CPL 210.30 inasmuch as there was not legally sufficient evidence before the Westchester County Grand Jury to sustain the indictment for criminal possession of a weapon, both on a lack of evidence to show both “possession” and its voluntary nature.
The court further dismisses the indictment under CPL 210.20 (subd 1, par [a]) and CPL 210.25 (subd 2) as the *420 allegations before the Grand Jury demonstrate that the Westchester County Court does not have jurisdiction of the offense charged.
However, inasmuch as the court has ordered dismissal of this indictment under CPL 210.20 (subd 1, pars [a], [b]), the court authorizes the People to submit the same charges before the Grand Jury of Kings County. (CPL 210.20, subd 4.) This authorization to resubmit to the Kings County Grand Jury shall be deemed a securing order to retain defendant in the bail or jail status as heretofore imposed until 45 days from the date of issuance of this order or the sooner occurrence of any of the factors listed in CPL 210.45 (subd 9).