Argued and submitted February 22, affirmed April 20, reconsideration denied
September 2, petition for review denied September 20, 1988 (306 Or 660)

# STATE OF OREGON,
*Respondent,*

*v.*

# RAYMOND CLAUDE ARNOLD,
*Appellant.*

(T109073, T109074, M70364; CA A44602)

752 P2d 1300

Jenny M. Cooke, Portland, argued the cause and filed the brief for appellant.

Martin Dolan, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Graber, Judges.

GRABER, J.

## GRABER, J.

Defendant was convicted of driving under the influence of intoxicants, ORS 813.010, driving while suspended, ORS 811.175, and resisting arrest. ORS 162.315. He assigns as errors the trial court's denial of his motions for a continuance, a new trial, and acquittal on the charge of resisting arrest. We affirm.

On May 19, 1987, defense counsel telephoned the judge responsible for assigning criminal cases for trial and requested a postponement. Counsel said that he had just learned that a defense witness was unexpectedly unavailable, that the witness had not been subpoenaed because he had earlier agreed to testify voluntarily, that the witness was essential to defendant's case, and that the district attorney had no objection to a postponement of the trial. The judge denied the request. On the morning of May 20, counsel renewed the request for postponement orally. The motion was again denied. Trial took place the same day.

■■ About a month after the trial, defense counsel submitted a written "Motion for Postponement of Trial," together with a proposed order denying the motion. He asserted that the purpose of the written motion was "to preserve the record" of the court's earlier action. The court signed the order and, on June 24, 1987, added the motion and order to the trial court record.[1] Although the notice of appeal had been

---

[1] This procedure did not comply with ORS 136.070, which governs postponement of a criminal trial:

"When a case is at issue upon a question of fact and *before the same is called for trial,* the court may, *upon sufficient cause shown by the affidavit of the defendant* or the statement of the district attorney, direct the trial to be postponed for a reasonable period of time." (Emphasis supplied.)

The statute requires a defendant to present an "affidavit," *see* ORS 45.020, at the time of the motion. In *State v. Longoria,* 17 Or App 1, 6, 520 P2d 912, *rev den* (1974), we said:

"Compliance with ORS 136.070 by making a showing in writing is more than a formality to satisfy appellate courts. It is designed to provide a basis upon which a trial judge can make a discretionary ruling in an intelligent and informed manner. A motion and affidavit are to be made for purposes of obtaining a continuance, not for the perfection of an appeal. Therefore, compliance with ORS 136.070 must be prior to trial, and non-timely compliance must be regarded as no compliance at all."

Without an accurate record, this court cannot review the trial court's exercise of discretion. 17 Or App at 5-6. Here, however, the state does not challenge the accuracy of the supplementary record, including its recitation that the state had no objection to the original oral motion for postponement. We need not decide whether *Longoria* is correct.

filed, the trial court retained the power to complete the record of the trial and pretrial proceedings. ORS 19.033(1); *Litvin v. Engesether,* 67 Or App 240, 244, 678 P2d 1232 (1984).

■ We review a ruling on a motion for continuance for abuse of discretion. *State v. Reese,* 25 Or App 231, 234, 548 P2d 998 (1976); *State v. Curtis,* 20 Or App 35, 37, 530 P2d 520 (1975). Defendant did not establish that the missing witness could be produced in the future; neither had he tried to compel the witness' attendance. Under the circumstances, there was no abuse of discretion. *See State v. Birchard,* 23 Or App 17, 21-22, 540 P2d 1033 (1975).

■ Defendant also sought a new trial on the ground that the court had abused its discretion in denying the request for postponement. Defendant was sentenced on June 15, 1987; he filed a notice of appeal on June 19 and filed his motion for new trial on June 22. The notice of appeal transferred jurisdiction of the case to this court. The trial court had no jurisdiction to rule on defendant's motion. ORS 19.033(1); *Murray Well-Drilling v. Deisch,* 75 Or App 1, 9, 704 P2d 1159 (1985), *rev den* 300 Or 546 (1986).

Defendant's final assignment of error challenges the trial court's denial of his motion for judgment of acquittal on the charge of resisting arrest. Defendant argues that the state failed to make a *prima facie* showing of intent, because he was too drunk to form an intent to resist the arresting officer.

The standard for deciding a motion for judgment of acquittal is set forth in ORS 136.445, which provides, in relevant part:

> "The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant."

The judge must decide whether the evidence, viewed in the light most favorable to the prosecution, suffices to justify a rational person in finding intent beyond a reasonable doubt. *State v. Garcia,* 288 Or 413, 421, 605 P2d 671 (1980). Voluntary intoxication is not a complete defense on the issue of intent. Rather, the jury must determine whether a defendant was so intoxicated that he could not, or did not, form the intent to commit the crime charged. *State v. Smith,* 260 Or 349, 351-52, 490 P2d 1262 (1971); *see also* ORS 161.125.

■      Witness Gill testified, in essence, that defendant was very drunk but nonetheless very aware of his surroundings and predicament after he left the car and shortly before he was arrested. Moreover, arresting officer Bowman testified that defendant was sober enough to offer at least two intelligible explanations of the night's events, to protest the officer's presence in defendant's home, and to threaten lawsuits. The evidence was sufficient to allow a rational jury to conclude beyond a reasonable doubt that defendant had formed the intent to resist arrest. The trial court properly denied defendant's motion for acquittal.

Affirmed.