Argued and submitted July 23, affirmed October 10, 1990, reconsideration denied
January 16, petition for review denied March 5, 1991 (311 Or 187)

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID RICHARD GUEST,
*Appellant.*

(C88-04-32807; CA A60327)

798 P2d 708

Clint A. Lonergan, Portland, argued the cause for appellant. With him on the brief was Richard L. Lonergan, Portland.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Michael C. Livingston, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from his convictions for attempted murder, ORS 163.115; ORS 161.405, and possession of a restricted weapon. ORS 166.270(2). We affirm.

On April 23, 1988, defendant was involved in an altercation in Multnomah County with one Romero. Defendant fired two shots that narrowly missed Romero. Later that evening, defendant was found asleep in his truck in Clackamas County. A Portland police officer went to Clackamas County and took him to Multnomah County. He was searched at the Multnomah County Justice Center, and it was discovered that he was carrying a stiletto, a restricted weapon.

While defendant was awaiting trial on charges stemming from the April 23 events, he served a motion on the district attorney, pursuant to ORS 135.760, requesting that he be tried forthwith. The district attorney received the notice on August 25, 1988. The trial was set for November 3, 1988. However, there were several continuances, and the trial was not held until December 5, more than 90 days after the district attorney received defendant's notice.

Defendant first assigns error to the trial court's denial of his motion to dismiss, because he was not tried within 90 days of his notice, as required by ORS 135.763. He argues that he did not consent to any of the continuances and that the district attorney did not have good cause for the continuances.

ORS 135.765 provides that "the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763," which provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown. The fact of imprisonment is not good cause for the purposes of this section."

Defendant was tried 102 days after the district attorney

received the notice. None of the continuances can be justified on the basis of defendant's consent. *See State v. Clarkson,* 87 Or App 342, 742 P2d 657 (1987).

The trial was originally set for November 3. At call on November 2, the district attorney asked for and received a continuance to November 7, because "we have, apparently, a witness in the hospital." Defense counsel had no objection, and the trial was reset. The case was called again on November 4, and the district attorney informed the court that there would probably be a plea. He requested that the court "carry a day to confirm that." Defense counsel agreed and asked for a trial call on November 7 or November 8. The case was called on November 11. The district attorney told the court, "[W]e have an essential witness who is in the hospital that's a witness to the shooting" and requested a two week set over. The defense responded, "This is a witness, but not the victim." The district attorney stated, "It's a witness who observed the shooting." The case was set over to November 28, because defense counsel was going on vacation through November 25. At call on November 28, the district attorney asked that the court set the trial to begin after another criminal trial was finished. The court agreed and set the trial for the afternoon of December 1. On December 1, defendant did not arrive from the Justice Center until after the trial was scheduled to begin. The court concluded that, because of the late start on December 1 and the fact that December 2 was the end of a jury term, the trial would start the following Monday, December 5. The trial began on December 5, 102 days after defendant's request for early trial.

If the two week continuance at the district attorney's request, granted on November 11, was for good cause, the December 5 trial was timely and it was not error to deny the motion to dismiss. Defendant argues that the continuance was not for good cause:

> "At no time does the district attorney state who the witness is, whether the witness is under subpoena, whether the witness will be available later, or what the nature of the witness' alleged illness is, or when the witness will be released from the hospital.

> "Nowhere does the district attorney state why they need 14 days as opposed to 10 or 11 days. Had the district attorney

asked for 10 or 11 days the continuance would have fallen within the statutory 90 days."

■ It is the responsibility of the state, not the court or the defendant, to bring a case to trial within the statutory time. *State v. Gilliland,* 90 Or App 477, 481, 752 P2d 1255 (1988). ORS 135.763(2) allows the trial court to grant a continuance at the request of the district attorney, for good cause shown. A continuance under that section is within the court's discretion, and we review its exercise for abuse. *State v. Arnold,* 90 Or App 596, 599, 752 P2d 1300 (1988).

■■ The facts before the trial court were that the hospitalized witness was essential and that he was a witness to the shooting. The district attorney indicated a need for a two week continuance. The only concern raised by the defense was whether the witness was essential. The trial court could conclude that a witness to a shooting with which a defendant is charged is essential. A court is entitled to rely on statements of counsel regarding the need for a continuance, in the absence of any specific challenge by the defense. Denial of the motion to dismiss on the basis of delay was not error.

■■ Defendant next assigns error to the denial of his motion for acquittal on the charge of possession of a restricted weapon, because venue was improper in Multnomah County. Venue is a material allegation of the complaint and must be proved beyond a reasonable doubt. *State v. Jones,* 240 Or 129, 130, 400 P2d 524 (1965). The Oregon Constitution provides for trial of a criminal charge "in the county in which the offense shall have been committed * * *." Or Const, Art. I, § 11.

Defendant was charged in Multnomah County under ORS 166.270(2), which provides:

"Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, * * * who carries a dirk, dagger or stiletto, commits the crime of felon in possession of a restricted weapon."

A Clackamas County Deputy Sheriff found defendant asleep in his truck in Clackamas County and contacted the Portland police, who sent an officer to Clackamas County. The officer

arrested defendant and took him to Multnomah County, where he was searched and the police discovered the stiletto.

Defendant argues that, because the weapon was found after he had been transported to Multnomah County from Clackamas County, he possessed the weapon in Clackamas County and venue in Multnomah County is improper. He contends that the only reason that he was in Multnomah County was because the officer transported him there after his arrest and that the police should not be able to create venue in a county merely by driving defendant to that county. He relies on cases from other jurisdictions in which the courts have concluded that venue in a second county was not proper when the police had transported the defendant from the county in which he was found to the other county and charged him with a possession offense in the second county. In *People v. Soto*, 115 Misc 2d 415, 454 NYS2d 503 (1982), the police suspected that the defendant had committed burglaries in Westchester County and had used his car in the burglaries. The police arrested him in Kings County, handcuffed him and drove him in his own car to Westchester County. When they arrived in Westchester County, the defendant told the police that there was a loaded pistol in the glove compartment of the car. The police found the pistol and charged the defendant with weapons possession charges but not with any offenses relating to the burglaries. The court concluded that venue for criminal possession of a weapon was not proper in Westchester County:

> "To hold otherwise would be to theoretically subject defendant to a 'possession' charge in every county through which the police drove defendant with his car. * * * [T]he undisputed facts show that the possession of the weapon by defendant in *Westchester County* was not voluntary as a matter of law." 454 NYS2d at 506. (Emphasis in original.)

The Georgia Court of Appeals reached a similar result in *McCarty v. State*, 152 Ga App 726, 263 SE2d 700 (1979). The defendant had possession of and made a deal for the sale of marijuana in Sumter County. At the direction of undercover police officers who were involved in the operation, the marijuana was put in the trunk of the officers' car. The officers then drove the car, in which the defendant was a passenger, across five county lines to Muscogee County, where they arrested the defendant. During the entire drive, the officers

were in possession of the key to the trunk where the marijuana was kept. Because the officers, not the defendant, exercised dominion and control over the trunk and there was no explanation why the arrest was made in Muscogee County, the court concluded that the defendant

"was transported to Muscogee County for no purpose other than to effect an arrest in the officers' jurisdiction. Thus, by their own acts, law enforcement officials created the events conferring venue in Muscogee County * * *.

"* * * * *

"We cannot allow officers of the law to 'create' an essential element of a crime." 152 Ga App at 727. (Citations omitted.)

We need not decide whether we agree with the law stated in those cases. This case is distinguishable. The Portland police officer did not have possession or control of the weapon when he transported defendant to Portland; he was carrying the weapon on his person and had access to it at all times. There is no suggestion that he was taken to Multnomah County as a pretext in order to create venue there. Defendant exercised control of the weapon until it was discovered and taken from him in Multnomah County. Venue was proper there.

Affirmed.