Argued and submitted September 21, affirmed November 18, 1992

## Laverne E. MARSHALL,
*Respondent,*

*v.*

## Alfred L. BURCHAM
## and Beverly Jean Burcham,
*Appellants.*

### (90-2053; CA A69334)

841 P2d 688

Henry Kane, Beaverton, argued the cause and filed the briefs for appellants.

Robert P. VanNatta, St. Helens, argued the cause for respondent. With him on the brief was VanNatta & Petersen, St. Helens.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendants (buyers) appeal the foreclosure of a land sale contract. We affirm.

The facts are not contested. Plaintiff (seller) owned two homes on adjoining parcels of land, 20 and 10 acres in size, which were legally recognized as separate parcels. She redivided the two parcels to create parcels of 16 and 14 acres. In November, 1988, buyers and seller entered into a contract for the sale of the 16-acre parcel, which included a dilapidated house. The contract required buyers to make monthly payments of $500, to maintain fire insurance and to pay the property taxes. Seller sought judicial foreclosure in April, 1990, alleging that buyers had not paid the 1989 property taxes, had not secured fire insurance and had fallen behind in their monthly payments. Foreclosure was granted.

■　　Buyers assign error to the trial court's enforcement of the contract, which they contend was unenforceable because seller's creation of the parcel of land violated the county land partition ordinance. Buyers claim that seller partitioned, but seller claims she only made a lot line adjustment. By definition, seller's redivision of her two parcels was not a partition. ORS 92.010(7)(b) reads, in pertinent part:

> " 'Partition land' means to divide land into two or three parcels of land within a calendar year, but does not include:
>
> "* * * * *
>
> "(b)　An adjustment of a property line by the relocation of a common boundary line where an additional unit of land is not created and where the existing unit of land reduced in size by the adjustment complies with any applicable zoning ordinance."

It is not a partition, because the relocation of a common boundary line did not create an additional unit of land. The county planning director testified that seller's property line adjustment complied with the applicable zoning ordinance. Therefore, buyers' argument that the contract was void for illegality under the county zoning ordinance fails.

Buyers' second assignment of error is that the court improperly refused to award damages under ORS 92.018. That statute reads, in part:

"A person who buys a * * * parcel that was created without approval of the appropriate * * * county authority may bring an individual action against the seller in an appropriate court to recover damages or to obtain appropriate equitable relief."

For the reasons stated above, ORS 92.018 does not entitle buyers to relief.

■    Finally, buyers contend that the trial court erred in rejecting their affirmative defenses that were supported in the record and that evidence contrary to the affirmative defenses was weak or non-existent. The affirmative defenses were illegality of the contract, oral waiver of the March and April, 1990, payments, and estoppel against enforcement of the requirement of procuring fire insurance. In an equitable action, affirmative defenses that are legal in nature are reviewed as in an action at law. *Hagen v. O'Connell, Goyak and Ball*, 68 Or App 700, 702 n 1, 683 P2d 563 (1984). The first two affirmative defenses are legal in nature, and we are bound by the trial court's findings, if they were supported by any evidence. *Illingworth v. Bushong*, 297 Or 675, 694, 688 P2d 379 (1984).

The court heard evidence that contradicted the first two affirmative defenses. The County Planning Director testified that the division of the parcels was legal. A witness testified that the terms of the oral waiver had not been satisfied.[1] There is evidence to support the court's rejection of the affirmative defenses of illegality and waiver. We find no basis for estoppel.

Affirmed.

---

[1] The parties had an oral agreement that seller would waive rights to receive the March and April, 1990, payments if buyers would purchase and install siding. A witness who helped negotiate the agreement testified that the siding was never installed.