On respondent's petition for reconsideration filed February 11, reconsideration allowed; opinion (125 Or App 306, 865 P2d 1301 (1993)) modified and adhered to as modified June 8, petition for review denied September 6, 1994 (320 Or 110)

## Michael and Nora HOHMAN, husband and wife, Roger Lauen and Jane McCotter, *Appellants,*

*v.*

## Royce M. and Mary BARTEL, *Respondents.*

(91 CV 120; CA A77153)

876 P2d 347

George W. Kelly for petition.

Christopher Keusink for appellants.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendants move for reconsideration of our opinion reversing the trial court's denial of plaintiffs' request for injunctive relief prohibiting defendants from building a house on defendants' lot. 125 Or App 306, 865 P2d 1301 (1993). In our initial opinion, we applied a *de novo* standard of review as to all issues. Defendants argue that that was error as to their affirmative defense of waiver. We allow reconsideration and modify our opinion, but adhere to it.

■ In our opinion, we held that defendants did not demonstrate that plaintiffs had waived their right to enforce the restriction on defendants' lot against building. They correctly state that, when affirmative defenses that are legal in nature are asserted to an equitable claim, they are to be reviewed as if they existed in an action at law. *Marshall v. Burcham*, 116 Or App 476, 479, 841 P2d 688 (1992). Therefore, according to defendants, we are bound by the trial court's findings on waiver, because they are supported by the evidence. *Illingworth v. Bushong*, 297 Or 675, 694, 688 P2d 379 (1984).

■ As to plaintiffs Hohmans, the trial court found:

"The Hohmans were well aware of [defendants'] intention to build a home on lot 200 as early as July of 1989. Thereafter[,] the Hohmans negotiated with [defendants] to put in joint utilities, entered into such an agreement and then withdrew from that agreement. The Hohmans were aware of [defendants'] obtaining engineering work on the property to assist in home site location in early 1990. The Hohmans gave no notice or indication to [defendants] that they felt [defendants] could not build. *It would now be inequitable to allow the Hohmans to enforce the restriction after they have participated with [defendants] in the expenditure of time and funds in anticipation of the construction of [defendants'] home.*" (Emphasis supplied.)

The court also found:

"Plaintiffs McCotter and Lauen were on notice through their predecessors in interest, the Millers, of the intention of [defendants] to build a home as early as early 1990. The Millers were aware of the proposed plan to relocate Beach Avenue to minimize the impact of the Hohman easement on [defendants'] lot and also of the proposal for a joint sewage

disposal line for all four lots. The most reasonable inference from that is that [defendants] planned to build a home on lot 200. No complaint or notice of any restriction was made to [defendants] by the Millers. Plaintiffs McCotter and Lauen are bound by that knowledge. *They did not put the defendants on notice of any objections until March of 1991.*" (Emphasis supplied.)

The judgment entered by the trial court incorporates the above findings.

We do not understand the court's findings to be about "waiver." Waiver is an intentional relinquishment of a known right. *Waterway Terminals v. P.S. Lord*, 242 Or 1, 27, 406 P2d 556 (1965). Although mere silence can be a basis for a claim of estoppel when a legal duty to speak exists, waiver must be manifested in an unequivocal manner. *See* 242 Or at 27. In *Waterway Terminals v. P.S. Lord, supra*, 242 Or at 27, the court said:

> " 'To make out a case of waiver of a legal right[,] *there must be a clear, unequivocal, and decisive act of the party* showing such a purpose or acts amounting to an estoppel on his part.' " (Quoting *McMillan v. Montgomery et al.*, 121 Or 28, 32, 253 P 879 (1927).) (Emphasis supplied.)

The only findings about an affirmative act on the part of plaintiffs is the finding of the court that the Hohmans negotiated with defendants to put in joint utilities and entered into such an agreement before withdrawing from it. However, the legal conclusion that the court draws from those facts is that it is "inequitable" to allow Hohmans to enforce the restriction. That is a conclusion regarding defendants' affirmative defense of estoppel, which we reviewed *de novo* in our earlier opinion. "Estoppel" is an equitable doctrine that provides that a person may be precluded by conduct or silence when there was a duty to speak arising from an existing right. *Coos County v. State of Oregon*, 303 Or 173, 180, 734 P2d 1348 (1987). Under that doctrine, an awareness of the restriction and the failure to object to defendants' plans could support a claim of estoppel. However, the trial court's findings of an estoppel do not also constitute findings of waiver, because they do not amount to a finding that the Hohmans acted in a clear and unequivocal manner intending to relinquish a known right. Therefore, we disagree with the

premise of defendants' argument that the court made a ruling on the issue of waiver.

■    Consequently, the threshold issue on reconsideration is what is our standard of review in the absence of any ruling on waiver by the trial court. We could remand to the trial court for further findings. However, remand is only necessary if there is evidence from which the trial court could make a ruling of waiver that would be dispositive. The record does contain evidence from which the trial court could find a waiver on the part of plaintiff Michael Hohman. However, each plaintiff has a discrete right to enforce the restriction, and remand to the trial court to make findings about waiver would be futile unless there is evidence of waiver as to all plaintiffs.

In their petition for reconsideration, defendants assert that, because plaintiffs' deeds contained a restriction providing that defendants had the right to prevent plaintiffs from building more than one home on their lot, that is evidence that plaintiffs waived their right to enforce the restriction contained in defendants' deed. Even if that is some evidence that plaintiffs knew of the restriction in defendants' deed, it is not evidence that demonstrates that plaintiffs acted in a manner that would constitute an intentional relinquishment of the right to enforce the restriction. Regarding Nora Hohman, the evidence is that she was married to Michael Hohman and was aware of telephone calls and letters that had been received from defendants. She was also present when her husband and Royce Bartel met with the contractor. That evidence is insufficient to constitute a clear, unequivocal manifestation of the relinquishment of her personal right to enforce the restriction.

Also, there is no evidence that Lauen and McCotter personally waived their right to enforce the restriction. Defendants argue that the Millers, who preceded Lauen and McCotter as owners of their property, waived Lauen and McCotter's rights, because they knew of defendants' plans as early as October, 1989, and that during the eight months that followed, defendants spent substantial amounts of time and money in pursuit of those plans. It was not until June, 1990, that the Millers voiced objections to those plans. However, even when the evidence of Millers' silence is viewed in the

light most favorable to defendants, it does not rise as a matter of law to the level of a manifestation of an intent to waive the restriction for the same reason that Nora Hohman's conduct could not constitute a waiver. Because there is no evidence of actions on the part of Nora Hohman, Lauen and McCotter to relinquish their right to enforce the restriction, we decline to remand this matter and adhere to our initial holding that defendants did not establish that all of the plaintiffs waived their rights to enforce the restriction.

Reconsideration allowed; opinion modified and adhered to as modified.