Argued and submitted September 20, affirmed November 2, 1994

T. M. PETE ENTERPRISES, INC.,
*Appellant,*

*v.*

Michael PLAIA
and Candice Plaia,
*Respondents.*

(92-CV-0235-TM; CA A80102)

883 P2d 1329

Barry L. Adamson argued the cause for appellant. With him on the briefs was Michael W. Peterkin.

Margaret H. Leek Leiberan argued the cause for respondents. With her on the brief were Leiberan & Gazeley, Jonathan R. Duerst and Duerst & Springer.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

Plaintiff appeals from a judgment of foreclosure that awarded less money to plaintiff than it sought. We affirm.

Plaintiff, a construction company, and defendants entered into written and oral contracts for the construction of commercial buildings in and around a retail center that defendants were developing. One contract involved the construction of a restaurant (the restaurant contract) at a cost of $260,400. Defendants made a down payment of $80,000 on that contract. After plaintiff completed the restaurant, it contended that defendants owed it $175,400. Later, plaintiff filed a construction lien and brought this action, asserting a claim for breach of contract and seeking to foreclose the lien for the contract balance. Defendants admitted that plaintiff had complied with the procedural prerequisites to foreclosure, but pleaded as an affirmative defense that they had paid all moneys due on the restaurant contract.

At trial, the court, over plaintiff's objection, allowed evidence of payments defendants had made to plaintiff that were not specifically earmarked for the restaurant contract. After trial, the court determined that defendants owed plaintiff $45,164.75, plus interest. It entered judgment in that amount for plaintiff and foreclosed the construction lien.

On appeal, plaintiff raises numerous assignments of error about the amount of the judgment. The threshold inquiry is whether we review this matter as an action in equity or an action at law. In an equitable action, affirmative defenses that are legal in nature are reviewed as in an action at law. *Hagen v. O'Connell, Goyak & Ball*, 68 Or App 700, 702 n 1, 683 P2d 563 (1984). The only issue here is whether defendants paid all the moneys due on the restaurant contract. That is a legal issue. *See Marshall v. Burcham*, 116 Or App 476, 479, 841 P2d 688 (1992). We are bound by the trial court's findings if there is any evidence to support them. *Illingworth v. Bushong*, 297 Or 675, 694, 688 P2d 379 (1984).

Plaintiff's first assignment is that the court erred "by describing Defendants' theory of 'set-off' as 'payment' (or 'recoupment')." Defendants' only affirmative defense alleged:

"Defendants paid to Plaintiff all amounts due and owing under the terms of the contract attached as Exhibit '1' to Plaintiff's Complaint."

That is distinct from an allegation that they overpaid on another, unconnected contract, which would constitute a set-off. *See Community Bank v. Ell*, 278 Or 417, 564 P2d 685 (1977). Because defendants never pleaded set-off, the premise for plaintiff's first assignment fails.

■ Plaintiff's next assignment is that the trial court erred when, over plaintiff's objections, it allowed evidence of a set-off. That assignment presumes that the trial court, in fact, allowed such evidence. We conclude that it did not. During opening argument, defendants' counsel explained that he would introduce evidence about payments made on other contracts between the parties. At that point, plaintiff's counsel asserted that any evidence about other contracts would necessarily involve a theory of set-off. The court agreed that defendants could not claim any set-off, because they had failed to plead it.

Later, during cross-examination of plaintiff's witness, defendants' counsel asked about moneys that plaintiff received from a draw account for a bank that it was constructing for defendants in the retail center (the bank contract). Plaintiff's counsel objected, arguing that "[w]hat counsel is trying to do is to get a set-off here." The trial court overruled that objection, and the following colloquy occurred:

"[PLAINTIFF'S COUNSEL]: [I]f I understand the court's ruling, you have agreed that since no set-off has been pled by Defendants, they cannot claim a set-off, but on cross-examination, the court has allowed them to ask questions about another contract.

"THE COURT: Well, I'll tell you the reason for it: it's because I think what he is seeking to establish is that, you know, he's listed that he got paid certain monies. He's trying to establish that those monies were, in fact, paid on this contract. It's not a set-off for an overpayment on another contract. That's the distinction."

Defendants' counsel then introduced evidence that the contract price of the bank was $332,600, and that defendants agreed to transfer a house valued at $125,000 as part of the consideration for the bank contract. The evidence also

showed that plaintiff took draws, which refer only to the bank contract (the bank draws), of $342,835.25.

Later, defendant Candice Plaia testified about how the restaurant contract was paid:

"[DEFENDANTS' COUNSEL]: The funds that were disbursed to [plaintiff] in Exhibit, Plaintiff's Exhibit 6 [the bank draws], were they used to pay for those two contracts?

"[WITNESS]: Yes, that's why we obtained these loans was [sic] for those two contracts.

"THE COURT: Exhibit 6 was for the two contracts?

"[WITNESS]: The funds were for the construction of the two contracts that we had with [plaintiff].

"* * * * *

"[DEFENDANTS' COUNSEL]: Were all monies, which you and your husband paid [plaintiff] either through these loans or through direct payments or the trading of the house, applied to these two contracts?

"[WITNESS]: Yes."

Defendants pleaded that they had paid the moneys due on the restaurant contract. The trial court allowed them to present evidence about *how* they paid those moneys. Under those circumstances, the proffered evidence concerned payment, not set-off, and the trial court did not err in overruling plaintiff's objection.

After trial, the court found that the bank and restaurant contracts were "intertwined" and that the parties' financial arrangement was "very loose." It then calculated the moneys that had been paid on the two contracts, and found that defendants owed $45,164.75 on the restaurant contract. There is evidence in the record to support those findings.

Plaintiff's remaining assignments do not require discussion.

Affirmed.