Argued and submitted November 28, 2001, affirmed January 9, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# DYLAN JON BECKER,
*Appellant.*

## 99CR0428; A110387

37 P3d 252

Monica L. Finch, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, State Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

BREWER, J.

**BREWER, J.**

Defendant appeals from his judgment of conviction for escape in the second degree. ORS 162.155. Defendant's sole contention is that the trial court erred by denying his motion to dismiss the indictment on the ground that the state failed to comply with ORS 135.760[1] and ORS 135.763[2] by not bringing him to trial within 90 days after the district attorney received his request for a speedy trial. In particular, defendant challenges the trial court's conclusion that, having invoked his statutory right to a trial within 90 days, defendant waived that right by remaining silent when his attorney agreed to a trial date outside the 90-day period. Because the relevant facts are not in dispute, we review the trial court's conclusion for errors of law. *State v. Hunter*, 316 Or 192, 201, 850 P2d 366 (1993). We affirm.

On March 4, 1999, a grand jury charged defendant with second-degree escape. On December 15, while in the custody of DOC for another conviction, defendant sent a letter to the district attorney requesting trial on the escape charge. Defendant did not send a copy of the letter to the court, nor did he otherwise inform the court of his request.[3]

---

[1] ORS 135.760 provides:

"(1) Any inmate in the custody of the Department of Corrections [DOC] or the supervisory authority of a county pursuant to a commitment under ORS 137.124(2) against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith.

"(2) The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint."

[2] ORS 135.763 provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) The court shall grant any reasonable continuance with the consent of the defendant. Notwithstanding the defendant's lack of consent, the court may grant a continuance on motion of the district attorney or on its own motion, for good cause shown. The fact of imprisonment is not good cause for purposes of this subsection."

[3] We note this omission to explain why, as mentioned below, the court was not aware of defendant's request until the day of trial. The state does not contend that

On February 16, 2000, defendant appeared before the court with counsel for entry of a not guilty plea on the escape charge. Counsel told the trial court that defendant was "in custody for an extended period of time on a different case * * * so there is no rush" and that "[w]e are willing to waive the 60-day rule * * *." The trial court interposed that the 60-day rule did not apply to defendant's circumstances.[4] The judge then said that he did not want to set the trial during spring break and suggested mid-April. Counsel agreed. After a discussion about counsel's trial schedule, the court proposed April 20. Again, counsel agreed. After a further discussion of unrelated matters, the court asked counsel if anything else required attention. Counsel replied, "That is [it], Your Honor. Thank you." Defendant said nothing throughout the proceeding.

On April 20, the morning of trial, defendant filed a motion to dismiss the indictment on the ground that the state had failed to bring him to trial within 90 days of the district attorney's receipt of his request for trial. In reviewing the motion, the court noted that there was no copy of defendant's request under ORS 135.760 in the court file and that, accordingly, the court had not been aware of the request when the trial date was set. Defendant's counsel advised the court that he first learned of defendant's request earlier in the week. As it happened, the prosecutor, who had recently taken over the case from another deputy district attorney, had the only copy of defendant's notice. The prosecutor told the court that he had first learned of defendant's request when counsel asked him about it a few days before trial.

---

its failure to bring defendant to trial within 90 days was excused because defendant failed to send a copy of his request to the court. *See State v. Gilliland*, 90 Or App 477, 481, 752 P2d 1255 (1988) (holding that the state cannot defend its lack of action under ORS 135.763 by showing that a court did not receive a copy of the defendant's speedy trial notice).

[4] The so-called 60-day rule is found in ORS 136.290, which provides, in part:

"(1) Except as provided in ORS 136.295, a defendant shall not remain in custody pending commencement of the trial of the defendant more than 60 days after the time of arrest unless the trial is continued with the express consent of the defendant. Absent the consent of the defendant or an extension under ORS 136.295, the court shall order that the trial of the defendant commence within 60 days after arrest if the state is prepared to proceed to trial."

Defendant does not contend that his incarceration in DOC custody pending trial on his escape charge violated ORS 136.290.

After hearing argument, the trial court denied defendant's motion to dismiss. The court explained:

"In this case because it is clear that [defendant] intentionally waived his Right to a Speedy Trial this—it does not matter whether the Court intended to ask [d]efendant for a waiver.

"It is clear on the record in this case that I did not intend to ask [defendant] for a waiver of his 90-day rights. It wasn't within my consciousness at that time because I had no knowledge of the notice. I assumed it, and took it as a regular case that [defendant] was produced following an indictment on motion [of] the District Attorney, which is how the file reflects it.

"On that basis, I find [defendant's] actions through counsel in indicating that he wasn't in any hurry to set the matter for trial constitutes a waiver."

After the court denied the motion, the parties agreed to a stipulated facts trial that resulted in defendant's conviction for second-degree escape. Defendant appeals from the ensuing judgment.

Defendant's argument is straightforward. Defendant correctly notes that he was brought to trial more than 90 days after December 15, 1999, the date the district attorney received defendant's request under ORS 135.760. He also correctly asserts that no continuances were granted in the case and, thus, ORS 135.763(2) is not implicated. *See Hunter,* 316 Or at 201. Defendant concedes that he could have waived his statutory entitlement to trial within 90 days but denies that he did so. Defendant notes that neither the court nor his counsel discussed his request with him when the trial date was set. Defendant contends that his silence during his arraignment, in the face of counsel's agreement to a trial date that violated his statutory right, did not demonstrate that he intended to waive that right. Defendant relies on the principle that, "[a]lthough mere silence can be a basis for a claim of estoppel when a legal duty to speak exists, waiver must be manifested in an unequivocal manner." *Hohman v. Bartel,* 128 Or App 384, 387, 876 P2d 347, *rev den* 320 Or 110 (1994). Defendant reasons that, because his silence did not unequivocally manifest an intention to surrender his previously

asserted right, the trial court was required to dismiss the indictment with prejudice based on the state's violation of ORS 163.763(1). *See State v. Waechter*, 163 Or App 282, 294, 986 P2d 1281 (1999) (holding that a dismissal based on ORS 135.763 must be with prejudice). Defendant is mistaken.

■    A defendant may waive "the statutory rights created under ORS 135.760 to 135.765." *Hunter*, 316 Or at 199. Waiver

> "is an intentional relinquishment or abandonment of a known right or privilege. Although a waiver must be intentional, there is no particular formula for determining whether a waiver has occurred. Whether there has been an intentional relinquishment or abandonment of a known right or privilege will depend upon the particular circumstances of each case." *Id.* at 201 (citations omitted).

For certain fundamental constitutional rights, the defendant *personally* must make an unequivocal waiver. *See, e.g., Brookhart v. Janis*, 384 US 1, 7-8, 86 S Ct 1245, 16 L Ed 2d 314 (1966) (right to plead not guilty); *State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992) (right to counsel); *State v. Cordray*, 91 Or App 436, 438, 755 P2d 735 (1988) (right to jury trial). However, because a defendant's counsel has full authority to manage the conduct of the trial, counsel generally may—without personal endorsement by the defendant on the record—waive rights falling within that province. *State v. Langley*, 331 Or 430, 450, 16 P3d 489 (2000) (citing with approval *New York v. Hill*, 528 US 110, 120 S Ct 659, 145 L Ed 2d 560 (2000)). For example, in the absence of an assertion of ineffective assistance, counsel may decide what legal defenses and evidentiary objections to raise, even if the failure to object constitutes the waiver of a valuable privilege belonging to the defendant. *See Langley*, 331 Or at 450-51 (holding that counsel's failure to object waived the defendant's privacy interest, if any, under the Fourteenth Amendment, as embodied in the psychotherapist-patient privilege).

■    Defendant's reliance on *Hohman* misses the point. An attorney agent generally is empowered to make trial management decisions on behalf of a client, even when the client is a criminal defendant. *State v. Lotches*, 331 Or 455, 17

P3d 1045 (2000), a capital murder case, illustrates the controlling principle. In *Lotches*, the Supreme Court held that, despite various intimations that he wished to testify on his own behalf, the defendant had waived his right to testify by remaining silent in the face of his counsel's announcement in open court that the defense rested. The court explained:

"[W]hen defendant's counsel rested the case in open court, without calling defendant to testify or notifying the court of his desire in that regard, the trial court was permitted to assume that defendant and his lawyers mutually had decided that defendant would not testify.

"That defendant now insists that he had not meant to waive his right to testify does not alter that conclusion. This · is not a proper forum for an inquiry into the content of defendant's private conversations with his lawyers or whether the lawyers actually were acting in accordance with defendant's wishes. Such questions are more appropriately addressed, if at all, in a future post-conviction proceeding. *We consider the facts as they appeared to the court at the time when the defense rested. Because defendant remained mute while his lawyers rested the defense case, the court was entitled to assume and, as is apparent from the court's remarks, did in fact assume that defendant acquiesced in his lawyers' actions.*" *Id.* at 484 (emphasis added).

In *Lotches*, the defendant's silence in the face of his attorney's representation to the court amounted to a waiver of his right to testify, even though that right was rooted in several *constitutional* guarantees. *Id.* at 483 n 10. Even more certainly, defendant's *statutory* right in this case to be tried within 90 days was not a fundamental right that he, personally, was required to affirmatively surrender. When defendant remained silent while counsel told the trial court that there was "no rush," the court was permitted to assume that defendant acquiesced in counsel's management decision with respect to scheduling the trial date.

■ Defendant waived his statutory speedy trial right under ORS 135.760 notwithstanding that the trial court and counsel did not specifically discuss it with him when the trial date was set. Because waiver is not a contract requiring a meeting of the minds between a defendant and the court, the trial court need not have intended that defendant waive his

right under ORS 135.763, so long as defendant, in fact, did so. *Hunter*, 316 Or at 202. The record demonstrates that defendant voluntarily relinquished that right by remaining silent when counsel agreed to a trial date that transgressed it.

Affirmed.