Submitted on record and briefs August 30, 2006, affirmed March 14,
petition for review denied May 22, 2007 (342 Or 727)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# ROMAN T. TATARINOV,
*Defendant-Appellant.*

Washington County Circuit Court
C021427CR; A123747

155 P3d 67

James N. Varner filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Schuman and Rosenblum, Judges.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals his convictions for 27 counts of identity theft, ORS 165.800; one count of forgery in the first degree, ORS 165.013; and one count of criminal possession of a forged instrument in the first degree, ORS 165.022. He argues that the trial court was required to dismiss the charges against him, because he was not brought to trial within 90 days of sending notice to the prosecuting attorney that he asserted his statutory right to a speedy trial. ORS 135.760 - 135.765. We affirm.

The parties have stipulated to the following facts. On May 3, 2002, defendant was indicted in Washington County on the aforementioned counts. Defendant was already in custody in Multnomah County, awaiting the disposition of charges in that county. On February 13, 2003, defendant sent the Washington County District Attorney a written request for speedy trial pursuant to ORS 135.760.[1] The district attorney's office received that notice on February 14, 2003. On March 10, 2003, defendant appeared for arraignment on a bench warrant for failure to appear for call on the Washington County charges.

Effective March 1, 2003, the State Court Administrator issued a directive that suspended payment for indigent defense services on certain types of charges, including those at issue in this case, until June 30, 2003. That directive was based on the Chief Justice's budget reduction plan to meet legislative appropriation deficits. At defendant's March 10 hearing, the prosecutor asked the trial court to honor defendant's speedy trial request and set the matter for trial. The prosecutor also asked the court to appoint new counsel for

---

[1] ORS 135.760(1) provides:

"Any inmate in the custody of the Department of Corrections or of the supervisory authority of a county pursuant to a commitment under ORS 137.124(2) against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith."

Defendant was in the custody of the Department of Corrections when he sent his speedy trial request.

defendant, because his previous attorney had withdrawn. Relying on the State Court Administrator's directive, the trial court declined to appoint counsel for defendant. The court then postponed defendant's arraignment until July 9, 2003.

On April 22, the state moved to continue defendant's case pursuant to ORS 135.763. The trial court denied that motion. On May 29, defendant filed a motion under ORS 135.765 to dismiss with prejudice the charges against him. On June 3, the state filed a motion for reconsideration of the order denying its motion for continuance. Counsel was appointed for defendant when he was arraigned on the bench warrant on July 9, 2003, and his trial ultimately was set for October 10.

On September 9, 2003, the trial court held a hearing on defendant's motion for dismissal and the state's motion for reconsideration. The court denied defendant's motion for dismissal and granted the state's motion for reconsideration, concluding that the "state's unprecedented fiscal crisis" constituted "good cause" for a continuance. On October 10, 2003, the court convicted defendant of each charged offense after a stipulated facts trial.

Defendant's sole assignment of error challenges the trial court's denial of his motion for dismissal under ORS 135.765. That statute provides:

"(1) On motion of the defendant or the counsel of the defendant, or on its own motion, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763.

"(2) This section shall not apply:

"(a) When failure to bring the inmate to trial within 90 days after the district attorney receives notice under ORS 135.760 was the result of motions filed on behalf of the inmate, or of a grant by the court of a continuance on motion of the district attorney or on its own motion, for good cause shown; or

"(b) When the inmate is unavailable for trial, other than by imprisonment, or because of other pending criminal proceedings against the inmate."

ORS 135.763 provides:

> "(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.
>
> "(2) The court shall grant any reasonable continuance with the consent of the defendant. Notwithstanding the defendant's lack of consent, the court may grant a continuance on motion of the district attorney or on its own motion, for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

■ In *State v. Hunter*, 316 Or 192, 199, 850 P2d 366 (1993), the Supreme Court explained that, where a district attorney has received a defendant's speedy trial notice under ORS 135.760(1), unless the defendant has thereafter waived his speedy trial rights under ORS 135.760 to 135.765, either the defendant must be brought to trial within 90 days or the failure to do so must be the result of a continuance granted in accordance with ORS 135.763(2). Any continuance granted under ORS 135.763(2) must be a reasonable one consented to by the defendant or be granted by the trial court "on motion of the district attorney or on its own motion, for good cause shown."

Defendant asserts that there was no good cause "for a trial continuance beyond May 15, 2003," the 90-day mark after the district attorney received defendant's speedy trial notice. The state does not argue, nor is there any evidence, that defendant waived his pertinent speedy trial right. Therefore, unless the failure to bring defendant to trial within 90 days was the result of one or more continuances granted in accordance with ORS 135.763(2), the trial court was required to dismiss the case.

■ As discussed, on March 10, 2003, the trial court, on its own motion, continued defendant's arraignment hearing until July 9, 2003, a date beyond the 90-day mark. That was the only continuance that "resulted" in the "failure to bring [defendant] to trial within 90 days." ORS 135.765(2)(a). The sole reason for that continuance was the trial court's decision not to appoint counsel for defendant because of the State

Court Administrator's directive suspending payment for indigent defense services. Therefore, the issue on appeal reduces to whether the inability to appoint defense counsel as a result of a legislative appropriation deficit constituted "good cause" under ORS 135.763(2) for the continuance of defendant's arraignment until July 9, 2003 and, derivatively, for the continuance of the trial of his case beyond May 15, 2003.

 In cases involving the speedy trial statutes, we review for errors of law a trial court's determination as to whether "good cause" existed to continue a case past a statutory deadline. *State v. Johnson*, 339 Or 69, 85-86, 116 P3d 879 (2005).[2] Because that determination involves an exercise in statutory construction, we apply the interpretive methodology described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), examining the text of the statute in context and, if necessary, legislative history and other aids to construction. In conducting our examination of the text in context, we consider prior judicial construction of the relevant term. *State v. Stubbs*, 193 Or App 595, 600, 91 P3d 774 (2004) (prior judicial construction of a statute's text is relevant at the first level of analysis under *PGE*).

Although no precise, all-encompassing definition of "good cause" exists, the appellate courts previously have held that overcrowded dockets may constitute "good cause" for continuing a case past a statutory speedy trial deadline. *See State v. Bateham*, 94 Or 524, 527-29, 186 P 5 (1919) (where statute required dismissal if state failed to bring defendant to trial at the next term of the court, unless good cause be shown, a lack of judicial resources constituted "good cause" for denying statutory speedy trial motion);[3] *State v. Lee*, 110

---

[2] Once "good cause" is established, the trial court has discretion in whether it grants the continuance. *State v. Guest*, 103 Or App 594, 598, 798 P2d 708 (1990), *rev den*, 311 Or 187 (1991). The trial court's exercise of discretion is not at issue in this case.

[3] At issue in *Bateham* and all but one of the other cases cited in this paragraph were statutory precursors to ORS 135.747; in all material ways, those precursors were identical to ORS 135.747, which provides:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial at the next term of the court in which the indictment is triable after it is found, the court shall order the indictment to be dismissed, unless good cause to the contrary is shown."

Or 682, 687, 224 P 627 (1924) (concluding, in interpreting the same statute, that good cause was shown where the "accumulation of business render[ed] trial impossible" (internal quotation marks omitted)); *State of Oregon v. Kuhnhausen*, 201 Or 478, 537-38, 272 P2d 225 (1954) (concluding, in interpreting the same statute, that an accumulation of cases already set may constitute good cause for continuing a criminal case). The courts also have concluded that the unavailability of prosecution witnesses may constitute good cause for continuing a case. *See State v. Ryan*, 114 Or 91, 95, 234 P 811 (1925) (concluding that unavailability of a material witness for the state constituted good cause for a continuance); *State v. Guest*, 103 Or App 594, 598, 798 P2d 708 (1990), *rev den*, 311 Or 187 (1991) (same).[4]

The foregoing authority notwithstanding, defendant argues that the inability to proceed by reason of a judicial decision to suspend funding for indigent defense does not constitute "good cause." Defendant relies on our decision in *State v. Adams*, 193 Or App 469, 475, 89 P3d 1283 (2004), *aff'd*, 339 Or 104, 116 P3d 898 (2005), a case decided under ORS 135.747,[5] in which we rejected the state's argument that a shortage of judges resulting from inadequate legislative funding justified an otherwise unreasonable delay in bringing a defendant to trial. In *Adams*, we stated:

> "[I]t could not be argued that the delay resulted from unavoidable circumstances over which the state had no control. The state, as a unitary political entity, is the plaintiff in this case: *State v. Adams*. 'The state' includes the legislative branch as well as the executive officers who apprehended and prosecuted defendant and the judicial officers who tried him. As such an entity, 'the state' has evidently chosen not to expend the resources necessary to bring defendant to trial in under 23 months. That may or may not have been a reasonable decision; it is not our office to sit in judgment on the reasonableness of the legislature's funding priorities. It

---

Although not directly applicable here, the current version of the statute is discussed in greater detail below. 211 Or App at 286-89.

[4] *Guest* involved the construction of "good cause" in the context of ORS 135.763, the statute at issue in this case.

[5] The wording of ORS 135.747 is set out above. 211 Or App at 285-86 n 3.

is our office, however, to interpret the legislature's command that defendants be brought to trial within a reasonable period of time, a different inquiry entirely. In the present case, the state did not do so."

193 Or App at 475 (boldface in original). However, we made it clear that our focus under ORS 135.747 was specific and narrow: "It is the 'period of time' that must be 'reasonable,' not the cause of the delay or its effect on the defendant." *Id.* at 474.

Before the Supreme Court on review of our decision in *Adams*, the state argued "that docket congestion becomes an even more compelling justification for delay—and thus makes an even longer delay 'reasonable'—if it arises out of a legislative policy choice." *State v. Adams*, 339 Or 104, 111, 116 P3d 898 (2005). The court rejected that argument:

"The question whether a legislative policy choice is reasonable within the universe of considerations that go into that policy choice is entirely separate from the question of whether a time period required to bring a defendant to trial is 'reasonable' for purposes of ORS 135.747. Accordingly, the fact that docket congestion ultimately arises out of a legislative policy neither expands (as the state argues) nor contracts (as the trial court apparently believed) the period of time that otherwise would be considered reasonable."

*Id.* The court went on to say:

"We do agree with the state's narrower point, *viz.*, that an overcrowded docket or, as the state would phrase it, a 'lack of judicial resources,' can justify at least *some* trial court decisions to postpone a trial for a certain length of time. Certainly, in ordinary circumstances, we would not think of a trial court's decision to postpone because of docket congestion as creating an unreasonable delay *per se*.

"However, the fact of an overcrowded docket can only go so far in expanding the period of time that will be considered 'reasonable' for purposes of ORS 135.747. At some point, the focus must shift away from whether the various postponement requests and decisions *individually* are justifiable to whether the overall period of time to bring the defendant to trial is 'reasonable' *in toto*."

*Id.* at 111-12 (emphasis in original).

Relying on this court's decision in *Adams*, defendant argues that "[t]he executive cannot plead the decision of the third branch, the judicial, 'not to expend the resources necessary to bring defendant to trial in [90 days]' as a defense to its failure to fulfill its duty of speedily prosecuting defendant's case." That argument misses the point of both *Adams* decisions, especially the decision of the Supreme Court. As discussed, the defendant in *Adams* prevailed because the *cumulative length of delay* in bringing him to trial was unreasonable, not because *the cause of a particular continuance* was unreasonable. Unlike in *Adams*, the issue here is whether the cause of a particular continuance, that is, the decision not to appoint counsel for defendant due to a legislative appropriation deficit, constituted "good cause."[6] As discussed, the Supreme Court in *Adams* was careful to distinguish between the reasonableness of cumulative delay and the reasonableness of a particular continuance; as to the latter, the court said that "an overcrowded docket or, as the state would phrase it, a 'lack of judicial resources,' can justify at least *some* trial court decisions to postpone a trial for a certain length of time." *Id.* at 111 (emphasis in original). And, the court said, "in ordinary circumstances" it "would not think of a trial court's decision to postpone because of docket congestion as creating an unreasonable delay *per se.*" *Id.*

The speedy trial statutes at issue in this case, ORS 135.760 to 135.765, have no direct analog to the "reasonableness of cumulative delay" part of the inquiry under ORS 135.747. This case does not require that we consider whether such a consideration is implicit, because defendant here does not challenge the reasonableness of the cumulative length of the delay in bringing him to trial. However, where docket congestion is at issue, at least one aspect of the analysis of reasonableness under ORS 135.747 also logically informs the determination whether, in the terms of ORS 135.763, a particular continuance based on docket congestion was supported by "good cause." That is, consistently with *Adams*, "the proper focus is on the nature of the congestion that exists and the reasonableness of a court's response to it, regardless

---

[6] Again, the issue in *Adams* was whether the defendant was brought to trial within a reasonable period of time under ORS 135.747.

of the fact that the congestion may have been occasioned by legislative budget priorities." *State v. Schneider*, 201 Or App 546, 554 n 1, 120 P3d 16 (2005), *adh'd to on recons*, 204 Or App 710, 131 P3d 842, *rev den*, 341 Or 392 (2006).

■ In this case, regardless of the fact that the delay was occasioned by legislative budget priorities, the trial court was unable to appoint counsel for defendant until July 1, 2003.[7] That inability created an accumulation of cases that, not unlike in *Lee* and *Kuhnhausen*, made a trial within the statutory period impossible to achieve. Within nine days after the suspension ended, the trial court appointed counsel for defendant and the case proceeded thereafter in due course. Under those circumstances, we conclude that the inability to appoint defense counsel as the result of a legislative appropriation deficit constituted "good cause" under ORS 135.763(2) for the continuance of defendant's arraignment until July 9, 2003, and, derivatively, for the continuance of his trial beyond May 15, 2003. It follows that the trial court did not err in denying defendant's motion for dismissal.

Affirmed.

---

[7] On appeal, defendant argues that "[t]he withdrawal of funding was not an unavoidable consequence of the legislature's decision to decline to appropriate additional money to the State Court Indigent Defense Account." In aid of that argument, defendant asks us to take judicial notice under OEC 201(b) and (f) of written materials that the then-president of the Oregon Criminal Defense Lawyers' Association presented at its 2003 annual conference. The content of that material is not the proper subject of judicial notice. *See Petersen v. Crook County*, 172 Or App 44, 51, 17 P3d 563 (2001) (where accuracy of the contents of documents contained in trial court file was subject to reasonable dispute, those contents could not properly be judicially noticed). We reject defendant's argument without further discussion.