Argued and submitted October 31, 2011, reversed and remanded for entry of judgment of dismissal October 24, 2012

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**CALEB NEWTON BENNER,**
aka Caleb Benner-Newton,
aka Caleb Benner Newton,
*Defendant-Appellant.*

Columbia County Circuit Court
101040; A145265

288 P3d 1016

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and David C. Degner, Deputy Public Defender, Office of Public Defense Services.

Matthew J. Lysne, Assistant Attorney in Charge, Criminal Appeals, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary Williams, Solicitor General.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

In this criminal case, defendant moved to dismiss the indictment against him on the ground that the state failed to bring him to trial within 90 days of receipt of his request for a speedy trial, as required by ORS 135.760 to 135.765, set out below. The trial court denied the motion, concluding that defendant had waived his right to a speedy trial by failing to object to his scheduled trial date, which was outside of the 90-day period, when the date was mentioned at two pretrial hearings.

Thereafter, defendant tried his case to the court and was convicted. He appeals, assigning error to the trial court's denial of his motion to dismiss. Because we conclude that defendant did not waive his speedy trial right, we reverse and remand for entry of judgment of dismissal.

The statutes that govern defendant's speedy trial right in this case are ORS 135.760, ORS 135.763, and ORS 135.765. ORS 135.760 provides:

"(1) Any inmate in the custody of the Department of Corrections or of the supervisory authority of a county pursuant to a commitment under ORS 137.124(2) against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith.

"(2) The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint."

ORS 135.763 provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) The court shall grant any reasonable continuance with the consent of the defendant. Notwithstanding the defendant's lack of consent, the court may grant a continuance on motion of the district attorney or on its own motion, for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

ORS 135.765 provides:

"(1) On motion of the defendant or the counsel of the defendant, or on its own motion, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763.

"(2) This section shall not apply:

"(a) When failure to bring the inmate to trial within 90 days after the district attorney receives notice under ORS 135.760 was the result of motions filed on behalf of the inmate, or of a grant by the court of a continuance on motion of the district attorney or on its own motion, for good cause shown; or

"(b) When the inmate is unavailable for trial, other than by imprisonment, or because of other pending criminal proceedings against the inmate."

Thus, a district attorney who receives a speedy trial request from an inmate shall bring the inmate to trial within 90 days of receipt of the request. If the district attorney fails to do so, the trial court shall dismiss the criminal proceeding, unless the failure is the result of motions filed on behalf of the inmate, continuances granted for good cause shown, or the unavailability of the inmate (for reasons other than the inmate's imprisonment).

Once the district attorney receives an inmate's request for a speedy trial, the statutory scheme "plainly places responsibility on the district attorney to bring an inmate to trial[.]" *State v. Gilliland*, 90 Or App 477, 480, 752 P2d 1255 (1988). That is because "[the legislature] recognized that 'the progression of a criminal prosecution is largely in control of the state.'" *State v. Person*, 113 Or App 40, 43, 831 P2d 700 (1992), *aff'd*, 316 Or 585, 853 P2d 813 (1993) (quoting *Gilliland*, 90 Or App at 481). Under the statutory scheme, "[t]he state cannot abdicate its responsibility to control a prosecution. It must take affirmative action to bring

a defendant to trial within 90 days, request a continuance for good cause or suffer a dismissal under ORS 135.765." *Id.* at 44. Thus, an inmate is not required to remind the district attorney of the 90-day limit, nor is an inmate required to object to a trial date set outside the 90-day time period without his involvement. *See, e.g., State v. Johnson*, 339 Or 69, 95, 116 P3d 879 (2005) (recognizing the "well-established principle that it is the state's obligation, and not the defendant's, to bring a defendant to trial within a reasonable period of time"); *State v. Vawter*, 236 Or 85, 87, 386 P2d 915 (1963) (holding that, in Oregon, "it is not incumbent upon the accused to demand a trial or take affirmative action to enforce his right to a speedy trial"); *State v. Chadwick*, 150 Or 645, 650, 47 P2d 232 (1935) ("The law imposes no duty on a defendant, charged with a crime, of calling his case for trial or insisting that it be set for trial at any particular time. That duty devolves upon the state."); *State v. Arwood*, 46 Or App 653, 657, 612 P2d 763 (1980) ([W]here the "[d]efendant had asserted his statutory demand for trial within 180 days [under the Interstate Agreement on Detainers]," "[s]omething more than his mere silence at arraignment [when a trial date was set outside the 180-day period] must serve to belie his earlier intention").

However, a defendant who has requested a speedy trial pursuant to ORS 135.760 may waive that right. *State v. Hunter*, 316 Or 192, 199, 850 P2d 366 (1993) (a defendant may waive "the statutory rights created under ORS 135.760 to 135.765"). A waiver is "an intentional relinquishment or abandonment of a known right or privilege." *State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992). It "must be manifested in an unequivocal manner." *Hohman v. Bartel*, 128 Or App 384, 387, 876 P2d 347, *rev den*, 320 Or 110 (1994).

Although a waiver must be intentional and unequivocal, "there is no particular formula for determining whether a waiver has occurred." *Hunter*, 316 Or at 201. Whether a defendant's actions (or failures to act) constitute a waiver "depend[s] on the particular circumstances of each case[.]" *Meyrick*, 313 Or at 132. A defendant who has invoked his speedy trial right under ORS 135.760 may waive that right by agreeing to a trial date outside the 90-day limit.

*Hunter*, 316 Or at 201-02; *State v. Becker*, 178 Or App 602, 608, 37 P3d 252, *rev den*, 334 Or 327 (2002).

With the relevant statutes and legal principles in mind, we turn to the facts of this case, which are undisputed. On July 20, 2007, a Columbia County grand jury indicted defendant for driving while revoked, ORS 811.182. In December 2009, defendant, who was in the custody of the Department of Corrections, sent the Columbia County District Attorney a speedy trial request pursuant to ORS 135.760. The district attorney received the request on December 3, 2009. Thus, the district attorney was required to bring defendant to trial by March 3, 2010.

On December 24, 2009, defendant was arraigned, and the case was scheduled for a January 26, 2010, hearing for plea and sentencing. Defense counsel informed the court that defendant needed a few additional days. On January 29, the court's calendaring clerk, Otero, e-mailed defense counsel and asked whether he wanted the matter set for a plea or trial. On February 1, defense counsel responded that defendant wanted the matter set for trial. On February 2, Otero replied, inquiring whether there was a "60-day waiver" because defendant was in custody. *See* ORS 136.290 (providing that a criminal defendant shall not remain in custody pending trial for more than 60 days after arrest). Defense counsel responded, "Client has not waived any rights he's aware of." On February 3, Otero asked, "Are you available for trial next week, Tuesday or Wednesday?" Those dates were February 9 and 10. That same day, defense counsel replied that he was available on February 16 and 17.

On February 5, Otero offered defense counsel the trial dates of March 10 or April 14, 2010, both of which fell outside the 90-day period. On February 10, Otero e-mailed defense counsel again because he had not responded, offering the same dates. Defense counsel replied, "Both dates are okay," and Otero then scheduled the trial for March 10.

In addition to his request for a speedy trial under ORS 135.670, defendant had filed a motion to dismiss the case for violation of his right to a speedy trial under ORS

135.747[1] and under Article I, section 10, of the Oregon Constitution.[2] The motions were based on the delay between defendant's indictment in 2007 and his scheduled trial in 2010. The trial court held hearings on the motions on February 18 and 25, 2010. At the February 18 hearing, the district attorney indicated that he would be dismissing the 2007 indictment and seeking a new indictment, which would proceed under a different case number. He asked to continue the hearing on defendant's speedy trial motion and mentioned the March 10 trial date:

"[DEPUTY DISTRICT ATTORNEY]: Hopefully once the new case is (inaudible) we keep our—keep our trial date of March 10th.

"THE COURT: Okay.

"[DEPUTY DISTRICT ATTORNEY]: Because, you know, there's probably going to be some delay in the trial. You know, the facts are simple. (Inaudible).

"THE COURT: Well, then, I would say a short continuance—I would grant a short continuance with the provision that we keep the trial date on the docket and also that [for] the purposes of the Motion to Dismiss for lack of speedy trial [pursuant to ORS 135.747 and Article I, section 10], that this period of time gets counted against the state, whatever period between now and when we get back here to eventually have the hearing."

Later during the February 18 hearing, the court asked defense counsel to schedule a new hearing date before the March 10 trial date and concluded by stating, "State's motion to continue hearing is granted. Hearing continued to later date, 60 minutes, prior to 3/10/10 trial date."

---

[1] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

[2] Article I, section 10, provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

The hearing was continued on February 25, and again the March 10 trial date was mentioned:

"[DEPUTY DISTRICT ATTORNEY]: We didn't actually get notice yet of the—I'm thinking—is it on the 10th?

"THE COURT: The 10th.

"[DEPUTY DISTRICT ATTORNEY]: I think maybe the 07 [case number] is still on for the 10th but with this—I don't know. I mean—

"THE COURT: I see no reason to disrupt that.

"[DEPUTY DISTRICT ATTORNEY]: Okay. So I will subpoena no matter what for the 10th.

"THE COURT: Right. So should we go in chambers and have a pretrial conference?

"[DEFENSE COUNSEL]: Yes, Your Honor. I'll join you there in a moment."

On March 9, defendant filed a motion to dismiss for violation of his 90-day speedy trial rights under ORS 135.760 to 135.765. The motion was heard on March 10. At the hearing, defense counsel cross-examined Otero as to whether defendant's ORS 135.760 notice was in the court file at the time Otero and defense counsel exchanged e-mails regarding trial scheduling. Otero responded, "It's date stamped on December 3rd so I can assume it was in the file."

At the conclusion of the hearing, the trial court denied defendant's motion to dismiss. The court explained:

"THE COURT: In the current matter we have not a constitutional or fundamental right, we have a statutory right to be tried within 90 days of notice to the state, and so the question for me is did [defendant's] failure to insist that his case be tried [before] March 10 when he was made aware of [the March 10 trial date], at least at two separate—on two separate dates in two separate court proceedings, and as I heard the evidence there were at least three discussions of that trial date.

"It appears to me that the only practical reading of *Becker* is that the court has the right to determine that if the defendant is present and does not object to a trial date that happened to be outside of the 90 days, that he has in

essence waived his objection to the failure to comply with the statutory requirement.

"So I'm going to deny the motion based upon my interpretation of *State v. Becker*."

Following the denial of his motion to dismiss, defendant tried his case to the court and was convicted. He appeals, asserting that the trial court erred in concluding that he had waived his 90-day speedy trial right. We review the trial court's conclusion for legal error. *Becker*, 178 Or App at 604.

Two Oregon cases, *Hunter* and *Becker*, address what constitutes a waiver of a defendant's 90-day speedy trial right. Because they illustrate what is required for a waiver and because the trial court based its conclusion on *Becker*, we describe the two cases in some detail.

In *Hunter*, the district attorney received the defendant's speedy trial notice on January 9, 1990. At the arraignment on January 19, the court, defense counsel, and the defendant discussed the scheduling of subsequent appearances:

"THE COURT: *** All right, I assume then [defense counsel], that you'll want to have this matter continued to allow you some time for discovery and to enter into any negotiations with the district attorney, is that correct?

"[DEFENSE COUNSEL]: That is correct, Your Honor. *Your Honor, my client indicates that he doesn't have any release date set soon, so there seems to be no hurry and I would like the full 30 days if I could,* just because I have so many other things happening these days.

"THE COURT: All right, [defendant,] on December 29th you sent a Speedy Trial Request Notice?

"THE DEFENDANT: Yes, I did.

"THE COURT: And we would intend to proceed with this matter as quickly as possible. Our normal process, though, is to continue the matters after arraignment for four weeks to allow the defense lawyer to get his discovery and enter into any plea discussions, then if a Not Guilty plea is entered after four weeks, then we assign a trial date as soon as practical.

"You understand our procedure then?

"THE DEFENDANT:   Yes.

"THE COURT:   And this is agreeable with you?

"[DEFENSE COUNSEL]:   *It does mean that it might not be tried within 60 days, or 90 days, whichever is applicable.*

"THE COURT:   Do you have a release? [Defense counsel] says you don't have a release date coming up quite?

"THE DEFENDANT:   No, I don't.

"THE COURT:   Do you anticipate one coming up, say before the end of March?

"THE DEFENDANT:   No, I don't, your Honor. I just didn't want this to be strung out for a long period of time and wouldn't be coming back for more here.

"THE COURT:   Hopefully, we'll have you back in four weeks, on February the 16th at 2:00 o'clock. *And then at that time if a Not Guilty plea is entered, we'll be assigning a trial date, so that there shouldn't be too many times you'll have to be brought back.*

"THE DEFENDANT:   *Okay, that's all I was worried about.*

"THE COURT:   All right."

316 Or at 195-96 (emphasis added; internal quotation marks omitted; brackets in original).

Thereafter, at a February 16 court appearance, defense counsel scheduled the trial for May 7, 28 days after the 90-day period expired. At the May 7 trial date, defense counsel moved for a one-day continuance, and the defendant moved to substitute a new attorney. The court granted the defendant's request, and the following morning, the defendant appeared with new counsel. The court set a new trial date of May 30. Before trial, the defendant moved to dismiss on statutory speedy trial grounds. The court denied the motion.

The Supreme Court affirmed, concluding that the defendant had waived his statutory speedy trial right at the January 19 arraignment. The court explained:

"We think that defendant's words, when read in the context of the court's statements, as supplemented by defense counsel's statements, show that defendant no longer insisted on being tried within the 90-day speedy trial period. By intentionally relinquishing his right to speedy trial, defendant waived that right."

*Id.* at 201-02. The court further explained that the defendant's behavior at his later court appearances "confirmed that he had waived his right to speedy trial," noting that, "[o]n February 16, defendant was present in the court when his lawyer agreed to a trial date nearly a month beyond the expiration of the 90-day period" and "[o]n May 7, when that trial date arrived, rather than ask that the case be dismissed for violation of his speedy trial right, defendant asked for a continuance." *Id.* at 202.

In *Becker*, the defendant was in the custody of the Oregon Department of Corrections when, on December 15, 1999, he filed a 90-day speedy trial notice on a pending second-degree escape charge. On February 16, 2000, the defendant entered a not-guilty plea. During that hearing, defense counsel told the trial court that the defendant was "in custody for an extended period of time on a different case * * * so there is no rush" and that "[w]e are willing to waive the 60-day rule * * *." 178 Or App at 605. The trial court explained that the 60-day rule did not apply to the defendant's circumstances. The trial court and defense counsel discussed when to set the trial, and defense counsel agreed to a trial date, April 20, that fell outside the 90-day period. After discussion of other matters, the trial court asked defense counsel if anything else required the court's attention. Defense counsel replied, "That is [it], Your Honor. Thank you." *Id.* The defendant did not say anything during the hearing.

On the day of trial, the defendant moved to dismiss the indictment on the ground that the state had not brought him to trial within 90 days of the receipt of his speedy trial request. The court noted that there was no copy of the defendant's request in the court file, and defense counsel informed the court that he had learned of the request earlier in the week. The prosecutor had a copy of the request, but told the court that he had recently taken the case over from

another district attorney and had been unaware of the request until defense counsel had asked him about it a few days earlier. The trial court denied the motion to dismiss, holding that the defendant had waived his statutory speedy trial rights by failing to object to his counsel's actions at the February 16 hearing. *Id.* at 606.

The defendant was convicted and appealed, assigning error to the trial court's denial of his motion to dismiss. We affirmed, concluding that the defendant had waived his 90-day statutory speedy trial rights. We explained that, "because a defendant's counsel has full authority to manage the conduct of the trial, counsel generally may— without personal endorsement by the defendant on the record—waive rights falling within that province," *id.* at 607, and, specifically, that a "defendant's *statutory* right * * * to be tried within 90 days [is] not a fundamental right that [the defendant], personally, [is] required to affirmatively surrender," *id.* at 608 (emphasis in original). Applying that rule to the particular facts of the case, we concluded that "[w]hen defendant remained silent while counsel told the trial court that there was 'no rush,' the court was permitted to assume that defendant acquiesced in counsel's management decision with respect to scheduling the trial date." *Id.*

The present case differs from *Hunter*, in which the defendant was present in court when his counsel informed the trial court that there was "no hurry," *Hunter*, 316 Or at 195; the trial court explained its scheduling procedure and defense counsel pointed out that following that procedure meant that the defendant might not be tried within the applicable time period; the trial court told the defendant that "there shouldn't be too many times you'll have to be brought back," the defendant replied, "Okay, that's all I was worried about," *id.* at 196; and the defendant said nothing when his counsel scheduled a trial date outside of the 90-day period. This case also differs from *Becker*, in which the defendant was present and said nothing when his defense counsel informed the trial court that there was "no rush" and that the defendant was "willing to waive the 60-day rule," *Becker*, 178 Or App at 605, and, after discussing possible trial dates, agreed to a trial date outside the 90-day period. In both *Hunter* and *Becker*, the defendants were present in court

when their attorneys, after stating that there was "no hurry" or "no rush," agreed to trial dates outside the 90-day period. Because the discussions during which the trial schedules were set would have alerted the defendants that their speedy trial rights were at stake and because the defendants were present when their attorneys agreed to trial dates outside the 90-day period, it could be inferred that the defendants accepted the agreements themselves and were intentionally relinquishing their 90-day speedy trial rights.

That is not true in this case. Defendant never indicated, either on his own or through counsel, that there was "no hurry" or "no rush" to set the trial date, and defendant was not present when the trial date was set beyond the 90-day limit. As described, the trial date was set through the e-mail exchanges between Otero and defense counsel.

If defendant himself had agreed to the March 10 trial date, his agreement would likely have constituted a waiver of his speedy trial right. In addition, if defendant knew that defense counsel had agreed to the March 10 trial date and then defendant failed to object to the date at the two pretrial hearings where the date was mentioned, defendant's failure to object would likely have constituted a waiver; defendant's silence would likely be seen as an endorsement or ratification of defense counsel's agreement. *Becker*, 178 Or App at 608; *see also Jensen v. Medley*, 336 Or 222, 241, 82 P3d 149 (2003) (explaining that a principal ratifies an agent's actions only if there is evidence from which a jury could properly find that the principal, with knowledge of the material facts, intended to ratify the agent's actions). However, because in this case there is no evidence that defendant knew that defense counsel had agreed to the trial date, we cannot conclude that defendant's failures to object at the pretrial hearings were endorsements or ratifications of defense counsel's agreement, as opposed to silence in the face of a scheduling decision that he believed was made by either the trial court or the state and which he had no duty to correct. *See State v. Arwood*, 46 Or App at 657 ("[s]omething more than [the defendant's] mere silence at arraignment [when a trial date was set outside the 180-day period] must serve to belie his earlier intention"). Therefore, we cannot

conclude, on this record, that defendant personally waived his 90-day speedy trial right.

Given that conclusion, the question becomes whether defense counsel waived defendant's 90-day speedy trial right. Again, a waiver is "an intentional relinquishment or abandonment of a known right or privilege." *Meyrick*, 313 Or at 132. To waive defendant's statutory speedy trial right, defense counsel would have had to have known that defendant had sent the district attorney a speedy trial request. That is because, if defense counsel did not know that defendant had sent the request, defense counsel's agreement to a trial date beyond the 90-day limit could not have been an intentional waiver of defendant's 90-day speedy trial right. *See Meyrick*, 313 Or at 133 n 8 (describing the "intentional" element of the definition as referring to the defendant's intent to waive the right). There is no evidence in the record to show that defense counsel knew that defendant had sent the speedy trial request. Therefore, on this record, we cannot conclude that defense counsel waived defendant's 90-day speedy trial right.

In sum, the evidence in the record is insufficient to establish that defendant, either personally or through counsel, intentionally relinquished his 90-day speedy trial right. Therefore, the trial court erred in denying defendant's motion to dismiss.

Reversed and remanded for entry of judgment of dismissal.