Argued and submitted September 27, 2013, reversed and remanded for entry of judgment of dismissal January 29, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN LEE NEAL,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF090166; A149027

320 P3d 664

David O. Ferry, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Karla Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Defendant moved to dismiss a criminal indictment after the state inadvertently failed to bring him to trial within the 90-day statutory period that was triggered by his request for a speedy trial. Defendant, who was incarcerated at all relevant times, contended that the state's failure to try him within 90 days required the trial court to dismiss the criminal proceeding under ORS 135.760 to 135.765, set out below. The trial court concluded that there was good cause for the failure to try defendant within the statutory period and denied the motion. Defendant was convicted following a bench trial; he appeals the resulting judgment of conviction, assigning error to the trial court's denial of his motion to dismiss. Defendant also assigns error to the trial court's imposition of an upward departure sentence on two counts of conviction. We write only to address defendant's speedy trial assignment of error, and, for the following reasons, we reverse and remand for entry of a judgment of dismissal.

The applicable statutes in this case are ORS 135.760, ORS 135.763, and ORS 135.765. ORS 135.760 provides:

"(1) Any inmate in the custody of the Department of Corrections or of the supervisory authority of a county pursuant to a commitment under ORS 137.124(2) against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith.

"(2) The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint."

ORS 135.763 provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days

of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) The court shall grant any reasonable continuance with the consent of the defendant. Notwithstanding the defendant's lack of consent, the court may grant a continuance on motion of the district attorney or on its own motion, for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

Finally, ORS 135.765 provides:

"(1) On motion of the defendant or the counsel of the defendant, or on its own motion, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763.

"(2) This section shall not apply:

"(a) When failure to bring the inmate to trial within 90 days after the district attorney receives notice under ORS 135.760 was the result of motions filed on behalf of the inmate, or of a grant by the court of a continuance on motion of the district attorney or on its own motion, for good cause shown; or

"(b) When the inmate is unavailable for trial, other than by imprisonment, or because of other pending criminal proceedings against the inmate."

"In cases involving the speedy trial statutes, we review for errors of law a trial court's determination as to whether 'good cause' existed to continue a case past a statutory deadline." *State v. Tatarinov*, 211 Or App 280, 285, 155 P3d 67, *rev den*, 342 Or 727 (2007). We are bound by the trial court's findings of fact if there is evidence in the record to support those facts, *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993); we recite the following facts in accordance with that standard.

The state indicted defendant on seven felony counts in May 2009, accusing him of assaulting two correctional officers while incarcerated on a prior conviction. On August 14, 2009, the district attorney received a letter from defendant requesting a speedy trial pursuant to ORS 135.760. At defendant's August 25 arraignment, the court acknowledged that it too had received a copy of the speedy trial request and

stated that "I want to make sure everyone else is aware of that also."[1] The state requested that a trial date be set within the 90-day period specified by ORS 135.763; that 90-day period expired on November 12. The court scheduled defendant's trial for November 3.

By the time of an October 27 trial readiness hearing, defense counsel had been appointed to represent defendant. Defendant's appointed counsel was concurrently representing a different defendant, Ceja, in an unrelated case. Ceja's case was scheduled to go to trial in the same court as defendant on November 3. At the trial readiness hearing, which defendant did not attend, the totality of the discussion on the scheduling of defendant's case was as follows:

"THE COURT:   The next in line would be [defendant] in CF090166. If [Ceja] does not go, is the state ready to proceed on [defendant]'s case?

"[THE STATE]:   I believe the state is ready. The state is ready to proceed, Your Honor.

"THE COURT:   Defense ready ＊＊＊?

"[DEFENSE COUNSEL]:   On [defendant]'s case, [defendant] is in prison, and the state has made an offer, and I talked to the state about a counter-offer. I would like a little more time to settle this, if we can.

"THE COURT:   By this Friday? By this Friday.

"When I say 'this Friday,' I'm talking about when we have [Ceja]'s hearing.

"[DEFENSE COUNSEL]:   Okay. ＊＊＊."

The court scheduled a second hearing in defendant's case for that Friday, October 30. We recite the contents of that hearing in their entirety:

"THE   COURT:  Now, that—we—is [defendant] in custody?

"THE CLERK:   He's been (inaudible).

"THE COURT:   Oh. Okay. Thank you, Deputy. We'll advise the Department of Corrections, or we'd ask you ＊＊＊

---

[1] Defense counsel had not yet been appointed at the time of the arraignment; the trial court judge who presided over the arraignment was not the same one who presided over the rest of the proceedings.

if you would advise the Department of Corrections not to transport [defendant].

"[THE STATE]: I will do that.

"THE COURT: And we'll advise the other cases [*sic*] that they won't be going, and we'll see you on Tuesday, [defense counsel].

"[DEFENSE COUNSEL]: We'll be there.

"[THE STATE]: Thank you, Your Honor."

Defendant was not at that second hearing. A notation in the Oregon Judicial Information Network (OJIN) register in defendant's case states: "Not primary case for Tuesday; court will notify parties of new dates; [trial] off docket[.]" The OJIN register also indicates that on October 30 defendant's trial was rescheduled for January 21, 2010.

On November 10, defendant filed a letter with the court seeking dismissal of the charges against him because of the state's failure to bring him to trial within 90 days.[2] On November 19, the trial court convened a hearing, which it opened by stating: "Now, counsel, State v. [defendant]. I asked counsel to be present because it appears that the court has messed up, and [defendant]'s 90 days have passed, and I don't know of any way out of dismissing these charges against [defendant] * * *." The court also recounted its recollection of the trial readiness hearing: "there was no mention made about the 90 days, and, of course, the court wasn't here when he was arraigned, and so after getting his letter, I went back and looked at the file and he's correct." The state responded by stating that "I believe the court can find good cause in this situation," but before either side could present arguments on that point, the trial court asked both sides to submit briefing on the matter. At that point, the state averred: "To be completely candid to the court, I didn't notice the 90 days either, and yesterday is when it hit me, and that's why I had not responded * * *."

The trial court subsequently held a hearing on the motion to dismiss. The state asked the trial court to find

---

[2] Despite that the court was apparently in receipt of defendant's letter before the November 12 statutory deadline, OJIN indicates that it was not entered into the record until November 13. Defense counsel subsequently filed a motion to dismiss the case on the same ground that defendant had stated in the letter.

that there was good cause for not bringing defendant to trial within 90 days of his request for a speedy trial. The reason, argued the state, had to do both with the fact that defense counsel was double-booked on November 3 and with representations made by defendant's counsel in the Ceja trial readiness hearing that immediately preceded defendant's readiness hearing on October 27. In arguing the motion to dismiss, the state asked the trial court to take judicial notice of the Ceja proceedings. Specifically, the state asked the court to judicially notice "one, the * * * Ceja file" and, two, "the court proceedings—the record that was created by the court on October the 27th, which was the [Ceja] trial readiness date. The proper time for that would begin at 1:26 p.m., Your Honor. That's when we initially start talking about Ceja and [defendant] together." The court stated that it would take judicial notice of that proceeding, and it was apparently the court's review of the October 27 Ceja hearing, perhaps in conjunction with the state's representations about the contents of those hearings, that led the trial court to make the following findings in its memorandum denying defendant's motion to dismiss:

> "On October 27, 2009 a trial readiness hearing was held with counsel. Defense counsel had two cases scheduled for trial on November 3, 2009, this case as well as *State v. Ceja*, * * *. Defense counsel argued that the Ceja case had priority since the defendant in that case was present on a detainer out of Washington and it was necessary to bring [Ceja] to [trial] within 180 [] days. As a result[,] defense counsel argued that the Ceja case should go as scheduled on November 3, 2009 and [defendant's] case would have to be set over. The court hel[d] a final status hearing on October 30, 2009 and as a result of counsels' advising the court that the Ceja case was ready to be tried, since defense counsel could not try both cases at the same time, the court continued [defendant's] case to January 21, 2010."

After a review of the relevant law, the court found "that there was good cause to continue the defendant's case herein beyond the 90 days as a result of defense counsel's having two cases to try on the same date and the Ceja case having priority as argued by defense counsel." Accordingly, the court denied the motion to dismiss.

On appeal, defendant, echoing the arguments he made before the trial court, asserts that the court, having already inadvertently overlooked defendant's speedy trial right, could not properly make a good-cause determination after the fact, *viz.*, after the 90-day period had already expired.[3] Alternatively, he argues that the state failed to establish "good cause" for the delay. The state counters that the record in this case establishes that defendant "implicitly consented" to extend the 90-day period by virtue of defense counsel's representations to the court in the Ceja proceeding; the state also reprises its argument that there was sufficient good cause for a continuance because defense counsel was "double booked" for trials on November 3 and had represented to the court that the Ceja trial should take priority.

We begin by rejecting the state's assertion that defendant implicitly consented to an extension of the 90-day period. Again, ORS 135.763(2) provides: "The court shall grant any reasonable continuance with the consent of the defendant. Notwithstanding the defendant's lack of consent, the court may grant a continuance on motion of the district attorney or on its own motion, for good cause shown." Defendant's only relevant communication to the court was that he wished to have a speedy trial; there is no indication that he was aware of defense counsel's representations about the need to try the Ceja case first. Defendant was not present when any of the relevant scheduling decisions were made. In short, there is no evidence that defendant, who was consistent and unequivocal in demanding a speedy trial, consented to a continuance of his trial date past the 90-day statutory period. *See State v. Benner*, 253 Or App 164, 169, 177, 288 P3d 1016 (2012) (defendant did not waive his speedy trial request when his defense counsel scheduled a trial after the 90-day period without defendant's knowledge); *State v. Glushko/Little*, 351 Or 297, 315, 266 P3d 50 (2011) (under the speedy trial provision of ORS 135.747, "a defendant gives 'consent' to a delay only when the defendant

---

[3] Because we conclude that, in all events, the record does not demonstrate good cause for the continuance of the 90-day period, we do not address whether a good cause determination could be made after the expiration of that period in the circumstances of this case. *But see Tatarinov*, 211 Or App at 283 (the trial court could properly make a good cause determination after the statutory period had expired when the state filed a continuance motion before that expiration).

expressly agrees to a postponement requested by the state or the court").

Nonetheless, it remains to consider whether there was "good cause" for the continuation of the 90-day period within the meaning of ORS 136.763(2). "Although no precise, all-encompassing definition of 'good cause' exists," circumstances such as overcrowded dockets, the unavailability of a prosecution witness, and the state's suspension of funding for indigent defense have all been found to constitute good cause. *Tatarinov*, 211 Or App at 285-86, 289 (summarizing cases, and holding that state budget cuts that made it impossible to appoint indigent defense counsel constituted good cause). Here, the continuance was granted on October 30 while the state and the court inadvertently overlooked that defendant had requested a speedy trial. The court acknowledged that it had "messed up" when it rescheduled defendant's trial for January and the state acknowledged that it "didn't notice the 90 days" until after the 90-day period had lapsed.

Trying a defendant within the statutory period is the responsibility of the state: "Once the district attorney receives an inmate's request for a speedy trial, the statutory scheme 'plainly places responsibility on the district attorney to bring an inmate to trial.'" *Benner*, 253 Or App at 167 (brackets omitted) (quoting *State v. Gilliland*, 90 Or App 477, 480, 752 P2d 1255 (1988)). "Under the statutory scheme, 'the state cannot abdicate its responsibility to control a prosecution. It must take affirmative action to bring a defendant to trial within 90 days, request a continuance for good cause or suffer a dismissal under ORS 135.765.'" *Benner*, 253 Or App at 167-68 (brackets omitted) (quoting *State v. Person*, 113 Or App 40, 44, 831 P2d 700 (1992), *aff'd*, 316 Or 585, 853 P2d 813 (1993)).

As noted, the state argues that defense counsel's scheduling conflict with the Ceja case constituted good cause to reschedule defendant's trial date, given defense counsel's representation that the Ceja case "had priority." Even assuming that the state is correct, that is a different inquiry than the proper one, which is whether good cause existed to postpone defendant's trial date *past the 90-day limit. See Tatarinov*, 211 Or App at 289 (good cause was

shown when the record demonstrated that a backlog of cases caused by state budget cuts "made a trial *within the statutory period* impossible to achieve") (emphasis added). In other words, even accepting that there was good cause—owing to counsel's representations and the fact that counsel was double-booked—for not trying defendant on November 3, there were eight business days between October 30—the day that defendant's trial was postponed—and November 13— the day after the 90-day window expired. The state contends that it is "ludicrous" to suggest that the trial could have been rescheduled on any of those dates, because of the "typical delays inherent in scheduling court dates." Perhaps that is so, but it is a contention that is without any support in the record.[4]

Crucially, that lack of support owes to the fact that the state overlooked its duty to bring defendant to trial within the statutory timeframe. If the state had brought it to the court's attention that defendant had invoked his statutory speedy trial right, several potential alternatives to postponing defendant's trial outside the 90-day limit would have been apparent on October 30. For instance, the parties could have examined the court's docket and made a determination whether it was practicable to reschedule defendant's trial before November 12, perhaps by rescheduling some other, less-pressing business for a later date. At the least, the court might have adhered to the arrangement that existed on October 30, *viz.*, that the Ceja case would retain priority

---

[4] The state also argues that defendant is not entitled to dismissal of the case under ORS 135.765(2)(a), which provides that a court is not required to dismiss a criminal proceeding when the failure to bring defendant to trial in accordance with ORS 135.763 "was the result of motions filed on behalf of the inmate." The state thus urges us to treat defense counsel's representations about the scheduling conflict that were made in the Ceja proceedings as motions filed on behalf of defendant. The transcripts of the Ceja proceedings are not before us. Even assuming, however, that defense counsel's expressed preference for trying the Ceja case first could be construed as a motion filed on "behalf of" defendant, that motion was not the reason that defendant was not tried within 90 days, but rather only the reason that defendant was not tried on November 3. Defense counsel never requested any alternative trial date on anyone's behalf; the record is silent about why defendant's case was scheduled for January. Again, we reiterate that it was the state's duty to try defendant within 90 days. *Benner*, 253 Or App at 167-68. The failure to try defendant in accordance with ORS 135.763 was the "result" of the state inadvertently overlooking its duty to do so, not of motions filed on behalf of defendant.

and defendant's case would be scheduled to go to trial in the event that Ceja's did not. Had that happened, defendant's trial would have begun within the 90-day limit, for the OJIN register in the Ceja case, which the state attached to its brief in this appeal, indicates that Ceja's trial was also postponed past the November 3 date on which both cases were originally scheduled to go to trial. The court never considered—and was never asked to consider—whether it was possible to bring defendant to trial by November 12; that failure owes to the fact that the state inadvertently overlooked its statutory duty to bring defendant to trial within the 90-day window.

We do not suggest that the state must always—as it did in *Tatarinov*—demonstrate that it is (or, perhaps, was) impossible to try a defendant within 90 days in order to demonstrate good cause; however, it is the state's responsibility to make at least *some* showing of the difficulty or impracticability of trying an inmate within the statutory period, whatever the underlying cause for the delay might be. In sum, inadvertently overlooking both that defendant had requested a speedy trial and that the state had a duty to bring him to trial within the statutory period—without any consideration of the feasibility of complying with the statutory 90-day period—is not "good cause."

Defendant did not consent to a continuance, and the state did not demonstrate good cause for the failure to bring defendant to trial within 90 days of the invocation of his statutory speedy trial right. Because defendant was thus not "brought to trial in accordance with ORS 135.763[,]" and because none of the exceptions provided by ORS 135.765(2) apply, the trial court was required to dismiss the case. ORS 135.765(1).

Reversed and remanded for entry of judgment of dismissal.