Submitted July 31, 2008, affirmed February 25, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CHAD E. MAYNARD,
*Defendant-Appellant.*

Josephine County Circuit Court
04CR0555; A133173

203 P3d 297

Peter Gartlan, Chief Defender, and Neil F. Byl, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Carson, Senior Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant, who was convicted of possession of a controlled substance, *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005), challenges on appeal the trial court's denial of his motion to dismiss on the ground that he was not provided a speedy trial pursuant to ORS 135.747 and ORS 135.750. As explained below, defendant's contentions on appeal were not raised before the trial court and, thus, were not preserved for our review. *See* ORAP 5.45(1). Accordingly, we affirm defendant's conviction.

Defendant was indicted for the present offense in July 2004. The case was continued five times: twice because of lack of judicial resources when higher-priority cases went to trial on the scheduled date, and three times because the prosecution was unable to secure the attendance of an essential witness. The case ultimately was tried in June 2006, 678 days after the indictment issued.

When moving to dismiss for lack of a speedy trial pursuant to ORS 135.747,[1] defense counsel acknowledged that lack of judicial resources was one of the reasons for the delay and did not dispute the reasonableness of that justification—or, for that matter, the reasonableness of the set-overs necessitated by witness unavailability. Rather, defense counsel argued that dismissal was required because of the sheer total length of the delay—that is, regardless of the reasonableness of the justifications for various set-overs, the total delay was simply, impermissibly excessive so that defendant had not been "brought to trial within a reasonable period of time." ORS 135.747. Thus, before the trial court, defendant's sole asserted ground for dismissal pertained to the excessiveness of the total delay and defendant did not dispute the adequacy or reasonableness of the justifications for continuances corresponding to particular periods of delay.

---

[1] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

In considering defendant's motion to dismiss, the trial court agreed with defendant that he had not been brought to trial within a "reasonable period of time." ORS 135.747. However, the court further found that, under ORS 135.750, there was "sufficient reason" to continue the case rather than dismiss it.[2]

On appeal, defendant makes three interrelated arguments: (1) the record was not adequately developed as to what portions of the delay were caused by what reasons; (2) the record was not adequately developed as to why defendant's case was lower priority than the cases that went to trial on the dates he was scheduled; and (3) unavailability of a witness does not constitute "sufficient reason" justifying an unreasonable delay under ORS 135.750. That is, each of defendant's contentions on appeal pertain to the adequacy of justification for various periods of delay.

None of those contentions was raised before the trial court. Conversely, defendant does not on appeal reiterate the only contention that he did raise before the trial court, *viz.*, that, regardless of the reasons for the delay, the length of the delay alone justified dismissal in this case.

In sum, defendant now attempts to advance qualitatively different contentions than those he raised for the trial court's consideration. Further, if defendant had raised his present contentions before the trial court, the record before us might well have been so developed as to be materially different. Given those circumstances, review of defendant's present, belated contentions would not comport with the fundamental prudential principles and practical considerations that underlie our preservation requirements. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (describing rationales for preservation requirements); *J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 568, 889 P2d 383, *rev den*, 321 Or 47 (1995) (same).[3]

---

[2] ORS 135.750 provides, in part: "If the defendant is not proceeded against or tried, as provided in ORS 135.745 and 135.747, and sufficient reason therefor is shown, the court may order the action to be continued * * *."

[3] Defendant does not contend that the matters he raises for the first time on appeal are cognizable as "error[s] of law apparent on the face of the record." ORAP 5.45(1). In all events, given the circumstance-specific, often factually intensive,

We thus decline to review defendant's present, unpreserved challenges to the trial court's dismissal of the motion to dismiss.

Affirmed.

---

nature of the assessment of the "reasonableness" of delay for purposes of ORS 135.747 and "sufficient reason" for purposes of ORS 135.750, including the adequacy of the justification of particular periods of delay, defendant's contentions would not satisfy the prerequisites of "plain error." *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (asserted "error apparent" is cognizable only if (1) "the error is one 'of law' "; (2) "the legal point is obvious, not reasonably in dispute"; and (3) the reviewing court "need not go outside the record or choose between competing inferences to find" the asserted error and "the facts that comprise the error are irrefutable").