Submitted January 22, affirmed September 4, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALLAN DARRYL HALL,
*Defendant-Appellant.*

Lincoln County Circuit Court
100958; A151077

335 P3d 311

Peter Gartlan, Chief Defender, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Andrew M. Lavin, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

HADLOCK, J.

## HADLOCK, J.

Defendant appeals a judgment of conviction for misdemeanor driving under the influence of intoxicants (DUII). ORS 813.010. He assigns error to the trial court's denial of his motion to dismiss on speedy trial grounds under *former* ORS 135.747 (2011), *repealed by* Or Laws 2013, ch 431, § 1.[1] We affirm, concluding that the state bears responsibility for a total of 16 months of delay leading up to defendant's trial. Because most of the state-attributable delay is due to docket congestion for which the trial court gave a detailed and reasonable explanation, we conclude that defendant was brought to trial within a reasonable period of time.[2]

The pertinent facts are undisputed. On March 8, 2010, the state charged defendant by information with DUII.[3] On the same day, the trial court arraigned defendant and scheduled an "early resolution" hearing for April 19, 2010. At the April hearing, defense counsel told the court that the parties were waiting for the Oregon State Crime Laboratory to complete a report on a urine sample that the state had obtained from defendant. Defense counsel also indicated that she wanted more time to explore the option of diversion for defendant. The trial court set a "final resolution" hearing

---

[1] *Former* ORS 135.747 provided:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

In 2013, the legislature passed a law that provides, in part, "ORS 135.747 is repealed on April 1, 2014." Or Laws 2013, ch 431, § 1. In 2014, the legislature passed Senate Bill 1550, which specifies new time limits within which trial must commence on criminal charges. Those new speedy-trial provisions "apply to proceedings in which a motion for dismissal under section 3 [of the bill] is filed on or after April 1, 2014." SB 1550 § 4 (2014).

As we held in *State v. Straughan (A147718)*, 263 Or App 225, 235, 327 P3d 1172 (2014), the repeal provision does not apply to appeals pending in cases in which the trial court denied defendants' motions to dismiss under *former* ORS 135.747. Accordingly, we resolve this appeal by applying *former* ORS 135.747.

[2] Defendant also contends that that the trial court erred when it denied his motion to dismiss on speedy trial grounds under Article I, section 10, of the Oregon Constitution. We reject that argument without discussion.

[3] Defendant was also charged with several felony crimes, which the state later dismissed. Neither party argues that the temporary existence of those felony charges should influence our analysis in this case, and we do not address that question.

for June 1, 2010. At that hearing, defense counsel told the court that the parties were still waiting for the results of the urinalysis. The court set a second "final resolution" hearing for June 21, 2010, at which defendant entered a plea of not guilty and the court scheduled defendant's case for trial on February 11, 2011. On February 10, 2011, the trial court cancelled the scheduled trial date and set a new trial date for June 22, 2011. On June 15, 2011, defendant moved for a continuance. The trial court granted the continuance and rescheduled the trial for November 23, 2011. On November 17, 2011, defendant moved for a second continuance. The trial court granted that continuance as well and rescheduled the trial for March 1, 2012.

On February 23, 2012, defendant moved to dismiss on speedy trial grounds under *former* ORS 135.747, arguing that the 24-month delay between his arraignment and trial was unreasonable. The trial court heard the parties' arguments on that motion on March 1, 2012, the date set for defendant's trial. The court denied the motion, concluding that the facts in the record "show why, in the circumstances of this case, the delay of sixteen months was reasonable."

The trial court explained in detail its reasons for denying defendant's dismissal motion, first addressing the circumstances that caused the 235-day delay between defendant's second "final resolution" hearing in June 2010 and the initial scheduled trial date on February 11, 2011. The court focused on two other cases on the court's docket. First, the court explained, an unusually long criminal trial in the spring of 2010 had consumed over three months of the court's time—both during the work week and after hours— and had backed up the court's docket:

"[F]rom April 4, 2010 to June 18, 2010, State versus Garrison was tried here. That was a * * * child sex abuse case involving five or six victims over the course of years in a foster home. It was * * * the longest trial I've conducted in 23 years by one day. * * * I had to go through sixteen to 18,000 pages of DHS records to look for discoverable material. I did that all on weekends for a period of two months, from October of 2009 to December of 2009.

"Then we had at least a month pretrial to Garrison of doing pretrial Motions. So effectively, Garrison took about three and a half months of court time starting in the beginning of 2010. Now a trial of that length backs up everything else on the docket.

"* * * * *

"So in June [2010], when I'm looking for a trial date, you know, why did I set a trial date eight months later? It's because of the fallout from Garrison, because of things I couldn't do on any other case because of that."

Moreover, the court explained, a second case further hindered the court's ability to schedule defendant's case for trial. In March 2010, the court had scheduled a complex civil trial to begin in January 2011. That case, which the parties anticipated would take six weeks to try, also required extensive pretrial work. Thus, the court explained, it had set defendant's trial for February 11, 2011, the date by which the parties to the civil case had predicted their trial would conclude:

"Then, * * * when I set [defendant's] case for trial on February 11th, I did so, mindful of the [civil case].

"* * * * *

"* * * On June 21st [2010], when I set [defendant's] trial for February 11th, I knew that [the civil case] had been set because I set * * * that case for trial in March, 2010 for ten months later because it involved—when we started the trial, we had eighteen lawyers here in the courtroom.

"* * * * *

"That case also had extensive pretrial Motions that I knew would be occurring, and that had a lot to do with why there was an eight-month delay between the fallout from Garrison and then knowing when [the civil case] was going to be set.

Unfortunately, the parties to the civil case had grossly underestimated how long the trial in that case would take—it did not wind up until mid-March 2011. When it became apparent that the civil trial was not going to conclude by February 11, the trial court attempted to find another judge to try defendant's case within the next week, but with no

success. Accordingly, the court explained, it rescheduled defendant's trial for June 22, 2011. Delays that occurred after that point were attributable to defendant's requests for continuances.

Based on those docketing difficulties in 2010 and early 2011, the trial court denied defendant's motion to dismiss his case on statutory speedy trial grounds, concluding that the total amount of state-attributable delay was reasonable under the circumstances:

> "[A]nd those are the kinds of delays that I don't think—it's not [defendant's] fault, but I don't feel like there was negligence or mismanagement on the Court's part in trying to manage the docket. * * * But I don't think the delay here is * * * unreasonable in light of the statute."

After a jury trial that immediately followed the trial court's denial of defendant's dismissal motion, defendant was convicted of DUII.

On appeal, defendant argues that he was entitled to dismissal under *former* ORS 135.747 because the amount of pretrial delay attributable to the state was unreasonable. In reviewing the trial court's denial of defendant's dismissal motion, we are bound by the court's findings of historical fact when evidence in the record supports them, and we assess the trial court's legal conclusions for legal error. *State v. Neal*, 260 Or App 753, 755, 320 P3d 664 (2014). Here, as noted, the underlying facts are undisputed. Accordingly, we turn to the legal questions.

Our first task under *former* ORS 135.747 is to "determine the relevant amount of delay by subtracting from the total delay any periods of delay that defendant requested or consented to." *State v. Glushko/Little*, 351 Or 297, 305, 266 P3d 50 (2011). Then, if the remaining period of state-attributable delay is longer than ordinarily would be expected, we determine whether that net delay is reasonable. *State v. Blevins*, 263 Or App 603, 606, 330 P3d 650 (2014).

In this case, nearly two years passed between the date on which defendant was charged (March 8, 2010) and

when he was tried (March 1, 2012). The parties agree that the trial court properly attributed eight months of that delay to defendant based on his requests for two continuances and that the court properly attributed the remaining 16 months of delay to the state. The parties' disagreement centers on whether that 16 months of state-attributable delay was unreasonable under the circumstances.

A 16-month delay is greater than what would be expected to resolve a misdemeanor charge against defendant. *See State v. Garcia/Jackson*, 207 Or App 438, 446, 142 P3d 501 (2006) (stating that a 14-month delay in a misdemeanor case "exceeds expectations"). Consequently, it is necessary to assess whether that 16-month delay was "reasonable" under *former* ORS 135.747. Whether a delay is reasonable involves an examination of the "attendant circumstances," which includes the "reasons for delay." *State v. Johnson*, 339 Or 69, 88, 116 P3d 879 (2005). "There is no precise formula for determining whether a particular delay is reasonable." *State v. Myers*, 225 Or App 666, 674, 202 P3d 238, *rev den*, 346 Or 184 (2009). Generally, "the acceptability of the total delay in a case is influenced by the extent to which is it justified. The longer the total delay is, the shorter any unjustified portion may be." *Id.* at 677.

With those principles in mind, we first consider the period from March 8, 2010, when the information was filed, to June 21, 2010, when defendant entered a plea of not guilty and the court set defendant's trial for February 11, 2011. That delay is justified—such scheduling delays are routine in the early part of a case. *See, e.g., State v. Dixon*, 224 Or App 66, 75, 197 P3d 1106 (2008), *rev den*, 346 Or 10 (2009) (routine delays included "one month from indictment to arraignment, a one-month delay to appoint substitute counsel, and a four-month delay from the first court appearance to the first scheduled trial date"); *Myers*, 225 Or App at 677 ("routine scheduling delays that are always present" were justified); *State v. Peterson*, 252 Or App 424, 430, 287 P3d 1243 (2012) ("[T]here appears to be nothing unreasonable about a 40-day interval between the commencement of a misdemeanor case and the setting of a first status conference after arraignment.").

We turn to the remaining period between June 21, 2010, when the trial court initially set defendant's trial, and June 22, 2011, when defendant requested his first continuance. That period was caused by docket congestion at the trial court—a circumstance that we have acknowledged may justify some periods of delay. *E.g.*, *Dixon*, 224 Or App at 74. "We have recognized, for example, that it is reasonable for a trial court to delay new matters to attend to older cases or cases that warrant special priority." *Blevins*, 263 Or App at 612. However, for limitations on judicial resources to justify pretrial delay, "the record in a case must demonstrate precisely how an overcrowded docket contributed to the period of delay at issue." *Dixon*, 224 Or App at 74. Moreover, even a delay attributable to a lack of judicial resources "will, at some point, become unreasonable." *Id.* And we have also found congestion-caused delays unreasonable when caused by court policies that prevented reassignment of a "languishing" case to a different judge, *State v. Cunningham*, 232 Or App 135, 145-46, 221 P3d 165 (2009), *abrogated on other grounds by State v. Garner*, 253 Or App 64, 289 P3d 351 (2012), *rev den*, 353 Or 280 (2013), or when "the general demand of other matters on the docket is an asserted justification for taking no action in a case that has already been substantially prolonged," where the record does not show why the defendant's case was not given higher priority, *Blevins*, 263 Or App at 612.

In this case, the record clearly sets out the reasons for the 12-month delay attributable to judicial resource limitations. First, the trial court explained that it initially set defendant's trial for approximately eight months after defendant's not-guilty plea because there was docket congestion following a very long criminal trial—the longest trial the judge had conducted in 23 years on the bench. The court also explained that it had an upcoming complex civil trial that would require extensive pretrial work, which also contributed to the eight-month scheduling gap. Second, the trial court explained that it had to reschedule defendant's February 11, 2011, trial to June 22, 2011, because the complex civil trial took longer than expected. The civil trial was supposed to be over by February 11, but did not finish until March 17. Taken as a whole, we conclude that the record

does "demonstrate precisely" how the docket congestion contributed to the 12-month delay in the way that we have held is necessary. *Dixon*, 224 Or App at 74.

We also conclude that the trial court's explanation adequately establishes justification for that delay. This is not a case, like *Blevins*, in which pretrial motions were under advisement for nearly a year, with no explanation of "why the trial court could not give defendant's pending motions priority over newer matters." 263 Or App at 612. Nor is this a case in which the court attempted to justify delay based on "the general demand" of other matters on a busy docket. *Id.* Rather, the trial court explained that the delay was caused by two trials of extraordinary length—apparently the two longest trials that this judge had experienced. Moreover, the record reflects that the judge attempted to transfer the case to another judge so it could be tried sooner, albeit without success. Those facts weigh in favor of a determination of reasonableness.

Defendant nonetheless argues on appeal that part of the docket-based delay "was unexplained" and, therefore, unjustified because no evidence shows that the trial court could not have set this case for trial *before* the long civil trial commenced in early 2011. The primary difficulty with that argument is that defendant did not present it to the trial court. There, defendant argued only that the total amount of delay was unreasonable even though it was based on docket congestion, purely because of the length of time that had passed. Defendant did not suggest, either in his written dismissal motion or in oral argument to the trial court, that the court had not appropriately prioritized his case over other backlogged cases or had not given a sufficient explanation for the docket-based delay. Although it is the state's burden to prove the reasonableness of pretrial delay under *former* ORS 135.747, *Blevins*, 263 Or App at 610, given the trial court's detailed and reasoned explanation for the delay in this case, it was incumbent on defendant to suggest to the trial court that its explanation was inadequate if he wished to raise such an argument on appeal. *See State v. Maynard*, 226 Or App 150, 152-53, 203 P3d 297 (2009) (defendant's appellate argument that "the record was not adequately developed as to why [his] case was lower priority than [other] cases that

went to trial" was unpreserved, given that his sole assertion in the trial court "pertained to the excessiveness of the total delay and defendant did not dispute the adequacy or reasonableness of the justifications for continuances corresponding to particular periods of delay").

To recap: we conclude that the state-attributable delays in this case, including those caused by the court's congested docket, were justified. Nonetheless, at some point, "the focus must shift away from whether the various * * * decisions *individually* are justifiable to whether the overall period of time to bring the defendant to trial is 'reasonable' *in toto.*" *State v. Adams*, 339 Or 104, 111-12, 116 P3d 898 (2005) (emphasis in original). In *Adams*, for example, although a total state-attributable delay of 23 months was justified by a lack of judicial resources, the court compared that delay with the two-year statute of limitations for the misdemeanor crime at issue and concluded that "a delay that roughly equals the statute of limitations for the crime at issue is too long." *Id.* at 112. In *Myers*, on the other hand, we found that an "18-month delay does not come so close [to the two-year misdemeanor statute of limitations period] as to become unacceptable." 225 Or App at 678. In this case, defendant was charged with a misdemeanor that had a two-year statute of limitations. We reach a conclusion in this case similar to the one we did in *Myers*. Under the circumstances present here, the 16-month delay attributable to the state does not come so close to the statute of limitations period as to be unreasonable for purposes of the analysis under *former* ORS 135.747. The trial court did not err when it denied defendant's motion to dismiss.

Affirmed.